## SAMUEL HAWTHORNE v. THE STATE.

1. MURDER. *Under sect. 2628, Code of 1871. At common law.*

The first clause of sect. 2628 of the Code of 1871, which provides that "the killing of a human being without the authority of law shall be murder, when with a deliberate design to effect the death of the person killed, or of any human being," does not alter the common law so as to limit murder to killing with "express malice," but murder is still, under that clause, the unlawful killing of a human being with malice, express or implied; and malice is implied from any intentional killing which the law does not make justifiable or excusable.

2. SAME. *"Malice aforethought." "Deliberate design." Meanings thereof.*

The words "malice aforethought," as used at common law, mean the same as the words "premeditated design," used in defining murder in the act of February 15, 1839 (Hutch. Code, 954), and as the words "deliberate design," employed in the Codes of 1857 and 1871 in defining murder. The act of 1839 defining murder having been three times reënacted since it was interpreted in *McDaniel* v. *The State*, 8 Smed. & M. 401, that interpretation must be held to have been approved and adopted with the act.

3. SAME. *"Deliberate design." How formed. When presumed.*

A "deliberate design" to effect death, as meant in our statute defining murder, may be formed suddenly; and the use of a deadly weapon to kill is presumptive evidence of such design.

4. SAME. *Presumptions. Innocence. Use of deadly weapon. Evidence. Effect.*

Where one is accused of murder, the law presumes him to be innocent until the contrary is made to appear; but if it be shown that he killed the deceased with a deadly weapon, the general presumption of innocence yields to the specific proof, and the law infers that the killing, if unexplained, was malicious, and therefore murder; but if the attendant circumstances be shown in evidence, by the State or the accused, the character of the killing is to be determined by considering them; and if, upon a consideration of all of the evidence, the jury trying the case are not satisfied, to the exclusion of every reasonable doubt, they should not convict. *McDaniel* v. *The State*, 8 Smed.

& M. 401, approved: *Head* v.*The State,* and *Evans* v. *The State,* 44 Miss. 731, 762, partially overruled.

5. SAME.  *Error in instruction.  When ground of reversal.*

Where, in the trial of a criminal case, the court, in instructions given for the State, commits an error prejudicial to the accused, and he is convicted, the judgment must be reversed, on appeal, unless it clearly appears that such error was corrected and cured by instruction for the accused.

6. SAME.  *Presumption.  Evidence.  Instruction.*

An instruction, in a trial for murder, which states, in effect, that if the proof shows the killing in certain named circumstances, the law presumes it to have been murder, and that it devolves upon the accused to show the circumstances which will excuse his act, is erroneous, when not coupled with the charge that such circumstances may be made to appear as well by the evidence for the State as by that of the accused.

7. SAME.  *Presumption of malice.  Evidence to rebut.  Instruction.*

An instruction, in the trial of one indicted for murder, which suggests or requires, that after proof of the killing with a deadly weapon, the accused, in order to rebut the presumption arising therefrom, must show to the *satisfaction* of the jury that the killing was not malicious, is erroneous.

ERROR to the Circuit Court of Warren County.

Hon. U. M. YOUNG, Judge.

Samuel Hawthorne, having been convicted of murder, brought his case to this court by writ of error, and assigned for error the action of the court below in giving the following instructions, amongst others, for the State : —

" 2. Murder is the killing of a human being with malice aforethought; and if the jury believe from the evidence, beyond every reasonable doubt arising therefrom, that the defendant (Samuel Hawthorne) shot and killed the deceased, Lemuel McGee, and that the killing was done with malice aforethought, then he is guilty of murder, and the jury should so find.

" 3. Although the malice in murder is what is called ' malice aforethought,' yet there is no particular period of time during which it is necessary that it should have existed, or during which the prisoner should have contemplated the homicide. If the intent to kill, or do other great bodily harm, is executed the instant it springs into the mind, the offence is as truly murder as if it had dwelt there for a longer time ; un-

less the jury believe from all the evidence in the case that the killing was manslaughter, or was done in necessary self-defence.

" 4. Every homicide is presumed in law to be malicious, and therefore murder ; and when the killing has been proven beyond a reasonable doubt, the law will presume the malice requisite to murder, and the burden of proof is then shifted to the defendant to show some circumstance of alleviation, justification, or excuse, unless these arise out of the evidence which has been adduced against him on the part of the State.

" 5. Malice may also be implied from the deliberate use of a deadly weapon ; and if the jury believe from the evidence, beyond every reasonable doubt arising therefrom, that the defendant shot and killed the deceased with a deadly weapon, and that such killing was done deliberately, then the law will imply the malice requisite to murder, and the burden of showing that the killing was not malicious will be upon the defendant ; and unless he does this to the satisfaction of the jury, they will find him guilty of murder.

" 6. Malice may also be inferred from any circumstances of barbarity and cruelty attending the killing ; and if the jury believe from the evidence, beyond every reasonable doubt arising therefrom, that defendant killed deceased, and that he did it in a cruel and barbarous manner, then the law will declare the killing to be malicious, and therefore murder, and it will then devolve upon the prisoner to show that it was done either in the heat of passion (in which case it would be manslaughter), or that it was done in the necessary defence of himself."

*H. F. Simrall*, for the plaintiff in error.

1. The crime of murder, in this State, is purely statutory, the common law only being of value in interpreting the statute. Whether a homicide is murder, under the first clause of sect. 2628 of the Code of 1871, is dependent upon whether it resulted from a " deliberate design." There can be no murder, under this clause, unless the slayer was moved by " ex-

press malice," "a sedate, deliberate intention." Implied malice, which is the offspring of sudden impulse, is not embraced within the meaning of the words "deliberate design." These words, as used in the statute, are the equivalent of "express malice" at common law, but exclude "implied malice." The words "malice aforethought" embrace both express and implied malice, and therefore the second instruction for the State was erroneous. 2 Whart. Cr. Law, sect. 1079, and context; 1 Russ. on Cr. 387, 422, and note; *Anthony's Case*, 13 Smed. & M. 264; 4 Bla. Comm. 199; 7 Bac. Abr. 190; Hale's P. C. 451; *Riggs' Case*, 24 Miss. 526; 26 Miss. 51; 28 Miss. 100; 31 Miss. 473; 42 Miss. 328; 1 Chitty's Cr. Law, 228; *Fant's Case*, 8 Ohio St. 112; 11 Ohio St. 284; 27 Iowa, 406; 5 Mo. 364; 20 Mo. 58; 25 Mo. 325; 1 Whart. Cr. Law, sect. 1084; 2 Bishop's Cr. Proc. 562–579; 53 N. Y. 164; 7 N. Y. 393; 37 N. Y. 418; 24 Wend. 520, 580; 24 Pa. St. 386.

2. It is error for the court to instruct the jury that the mere proof of killing raises the presumption of a "deliberate design." *McCormack's Case*, 27 Iowa 413; *Hill's Case*, 2 Gratt. 594; *White's Case*, 24 Wend. 580; *Johnson's Case*, 24 Pa. St. 386; *Turner's Case*, Wright, 20. Therefore, the fourth instruction for the State was wrong.

3. Where the fact of the killing and its circumstances are in evidence, it is error for the court to charge the jury that malice may be implied from the deliberate use of a deadly weapon. 1 Greenl. on Ev. 14. Such error was committed in the fifth instruction for the State.

4. The fifth instruction for the State was also erroneous in putting the burden of proof on the defendant "to show that the killing was not malicious." *Long's Case*, 52 Miss. 32; *Fortenberry's Case*, 55 Miss. 409; *Pollard's Case*, 53 Miss. 410; *Cunningham's Case*, 56 Miss. 276.

5. The third instruction for the defendant is inconsistent with the third, fourth, fifth, and sixth for the State. Such inconsistency is error. The instructions for the defendant did not cure the error in those for the State.

*H. F. Simrall* also made an oral argument.

*R. V. Booth*, on the same side.

1. The fourth, fifth, and sixth instructions for the State are erroneous. *York's Case*, 9 Metc. 125; 1 Bishop's Cr. Proc. 496, 503; 28 Ala. 693; 1 Whart. Cr. Law, 707; 1 Gray, 61; 14 Texas, 503; 5 Cush. 320; 9 Gray, 136; 38 Me. 261; 28 Ala. 65; 3 Gray, 463; Whart. on Hom., sects. 39, 669, 671; 31 Miss. 504; 44 Miss. 731; 8 Smed. & M. 401; 18 Wall. 516; 53 N. Y. 164; 53 Miss. 410; 56 Miss. 269; 10 Mich. 212; 34 Iowa, 131; 5 Iowa, 433.

2. The court erred in granting conflicting instructions. *Cunningham* v. *The State*, 56 Miss. 277.

*R. V. Booth* also argued the case orally.

*M. Marshall*, on the same side, cited the following authorities upon the rule of appellate practice, where error has been committed against the defendant in instruction for the State: *Mask's Case*, 36 Miss. 91; *Catton's Case*, 31 Miss. 510; 37 Miss. 350, 378; 39 Miss. 647; 44 Miss. 752, 797; 28 Miss. 698; 44 Miss. 775; 53 Miss. 407; 55 Miss. 478; 50 Miss. 84; 52 Miss. 89; 56 Miss. 269.

*M. Marshall* made an oral argument also.

*L. W. Magruder*, on the same side, cited the following authorities : —

1. Upon the construction of the statute defining murder : 53 N. Y. 164; Whart. on Hom., sects. 39, 173, 658, 664, 671; 72 N. Am. Rev. 178; 9 Metc. 130; Cooley's Const. Lim. 325; 1 Hale's P. C. 425; 4 Black, 198; 3 Co. Inst. 47; 3 Fost. 256; Bac. Abr., tit. "Malice;" 5 Yerg. 340; Add. 282; 1 Russ. on Cr. 482; 1 Ashm. 181; 2 Ashm. 227; 4 Dall. 14; 2 Gratt. 594; 3 Humph. 439; 36 Texas, 523; 3 Seld. 385; 1 Park. Cr. 347.

2. Upon the burden of proof : 1 Whart. Cr. Law, sect. 707; Whart. on Hom., sect, 647; 53 Miss. 410; 56 Miss. 269; 53 N. Y. 164; 24 Iowa, 570; 5 Nev. 166.

*L. W. Magruder* also argued the case orally.

*T. C. Catchings*, Attorney-General, for the State.

1. The instructions for the State, to the effect that when a

*prima facie* case has been made out by the State the burden of proof is shifted to the defendant to show circumstances of extenuation or justification, convey to the jury the true idea of the law.    *The Commonwealth* v. *York,* 9 Metc. 122 ;    *The Commonwealth* v. *Knapp,* 10 Pick. 484.

2. The charge in the fifth and sixth instructions for the State, that the use of a deadly weapon in killing raises the presumption of malice, is correct.    8 Smed. & M. 417 ;  28 Miss. 698 ;  36 Miss. 90 ;  39 Miss. 600 ;  44 Miss. 753.

3. The defect of the fifth and sixth instructions in not containing the qualifying words, '' unless the circumstances of alleviation arise out of the evidence of the State,'' was cured by the first, third, and fourth instructions.

4. The use of the word '' satisfaction,'' in the fifth and sixth instructions for the State, though not proper, was warranted by the case of *Harris* v. *The State,* 47 Miss. 318.

5. I insist that murder is still, as at common law, the killing of a human being with malice aforethought, and that the laws of evidence by which the offence is to be established remain unchanged by statute.  The law of express and implied malice is unchanged.   Every murder, whether with express or implied malice, must have been committed with '' a deliberate design,'' which may have been long formed or instantaneous.  4 Bla. Comm. 484 ;  2 Whart. Cr. Law, sects. 944, 945 ;  28 Pa. St. 14 ;  31 Pa. St. 200 ;  2 Gratt. 598 ;  6 Coldw. 8 ;  7 Iowa, 311.

*T. C. Catchings,* Attorney-General, also argued the case orally.

CAMPBELL, J., delivered the opinion of the court.

It is too late, by many years, to dispute here the propositions, that the law implies malice from the unlawful use of a deadly weapon, and that every homicide by the use of such weapon is presumed to be murder, and that '' malice aforethought '' is the same as '' deliberate design '' or '' premeditated design.''

There is no difference, in the definition of murder, between the act of February 15, 1839 (Hutch. Code, 954), and art. 165 of the Code of 1857 (p. 600), and sect. 2628 of the Code of 1871. There is a slight verbal difference between the first act mentioned and the others, but that makes no change in the law as to murder. The act of February 15, 1839, has the phrase "premeditated design," which in the Codes is changed into "deliberate design," and these phrases are equivalent, and are used convertibly in defining murder.

Prior to 1839 there was no statute in this State defining murder.

In the first case found in our reports involving an interpretation of the act of 1839 with respect to murder (*McDaniel* v. *The State,* 8 Smed. & M. 401), it was held that every homicide is presumed to be committed with malice aforethought, and that the words "premeditated design" are the same in legal effect as the words "malice aforethought," and that the law presumes malice from the use of a deadly weapon ; and that these presumptions, if unopposed, may amount to full proof, and that they stand until a contrary and stronger presumption is raised by the evidence.

In *Boles* v. *The State,* 9 Smed. & M. 284, counsel for the prisoner pressed the point that the statute cited above altered the common law, in this : "that a killing on sudden passion is clearly not with premeditated design," and, therefore, is not murder ; but the court found no fault with an instruction that "it is not necessary for the jury to believe that the defendant previously harbored the design to kill the deceased, if he killed him, even upon a sudden passion, without provocation such as the law recognizes as sufficient," etc. In *Green* v. *The State,* 28 Miss. 687, an instruction that "every killing is presumed to be malicious, and amounting to murder, until the contrary appears," etc., was approved, with the emphatic declaration, "if anything is to be considered as settled by sound judicial reasoning and authority, this doctrine must be so regarded."

To the same effect are *Riggs* v. *The State*, 30 Miss. 635 ; *Hague* v. *The State*, 34 Miss. 616 ; *Mask* v. *The State*, 36 Miss. 77 ; *Jeff* v. *The State*, 39 Miss. 593 ; *Head* v. *The State*, 44 Miss. 731 ; *Evans* v. *The State*, 44 Miss. 762.

In *Mask* v. *The State*, an instruction that " murder is the unlawful killing   *   *   *   with malice aforethought, or premeditated design, which is the same thing.   Malice is express or implied," etc., was approved by the court.   In *Head* v. *The State*, the true rule is declared to be :  " If there be no excuse or justification for the homicide by the accused shown in the evidence adduced by the State, then the accused is guilty of murder, unless he has by his evidence proved excuse or justification ;" and the court in express terms repudiated the idea that " malice cannot be inferred simply from the fact of the use of such weapon " as the accused may have had on his person, which he usually carried.

In *Evans* v. *The State*, an instruction that " every killing with a deadly weapon is presumed to be malicious, and amounts to murder, until the contrary appears," etc., was expressly said to announce the true rule ; and an instruction, given as a substitute for several asked by the prisoner, and in these words :  " If the jury are satisfied from the whole evidence that the accused deliberately shot and killed the deceased, at a time when the accused was in no actual danger of great bodily harm, or of his life, then the accused is guilty of murder.   But   *   *   *   it devolves upon the accused, however, to show to the jury, *by clear and satisfactory proof*, that there was an *actual* necessity for killing the deceased before he entered his house," was said to give the accused the benefit " of a broader exposition of self-defence   *   *   * than is warranted by the law."

The case of *Anthony* v. *The State*, 13 Smed. & M. 263, is claimed by counsel for the appellant to be decisive of the correctness of the contention that the words " malice aforethought " are not equivalent to " deliberate design." Because an indictment charging the accused with having

committed an offence "feloniously, wilfully, and of his malice aforethought," was held to be insufficient to describe the offence, which consisted in an act done with "malice aforethought, express," it is argued here that "deliberate design," as used in the statute defining murder, means more than "malice aforethought," and that only killing with malice "express" is made murder. The particular statute with reference to which *Anthony* v. *The State* was decided, in terms, made a distinction between implied and express malice, and it was rightly held that the omission from the indictment of the "most material word in the constitution of the offence" — *i.e.*, "express," as descriptive of the malice — was fatal. But under the Code it is sufficient to charge, in an indictment for murder, "that the defendant did feloniously, wilfully, and of his malice aforethought, kill and murder the deceased." Code 1871, sect. 2802. From which it appears that the legislative intent was that the charge of unlawfully killing a human being, with the deliberate design to effect death, should be made by the words "feloniously, wilfully, and of his malice aforethought," which is suggestive of the legislative understanding and purpose to treat them as equivalent forms of expression.

The law-giver has interpreted the phrase "deliberate design," as employed in the statute defining murder, by designating apt words by which to make the charge of murder. Code 1871, sect. 2802.

We make no reference to the views held by certain law-writers and the courts of some of the other States, because the question of what is murder is not an open one in this State. It has been settled, beyond dispute, by forty years of administration and by repeated utterances of this court. The act of February 15, 1839, defining murder, has been three times reënacted in this State since it was interpreted in *Mc-Daniel* v. *The State*, and that interpretation of it must be held to have been deliberately approved and adopted with it.

We do not approve what we have quoted from *Head* v. *The*

*State*, and *Evans* v. *The State*.   We do not regard as correct the statement in the opinion in *Head* v. *The State*, that the true rule is : " If there .be no excuse or justification for the homicide by the accused shown in the evidence adduced by the State, then the accused is guilty of murder, unless he has by his evidence proved excuse or justification."   The true rule is that the accused should be convicted, if from the whole evidence there is not a reasonable doubt of his guilt.

To require him, by his evidence, to *prove* excuse or justification is to impose a greater burden than the law requires or permits.

We do not approve the instruction given by the court in *Evans* v. *The State* as a substitute for three asked by the accused, and dissent from the view that it was more favorable to the accused than the law warranted, as remarked in the opinion in that case.   In our view, it did not devolve on the accused to show, *by clear and satisfactory proof*, that there was an *actual* necessity for killing the deceased, as that instruction announced.   We understand the settled rule to be this : The law presumes the accused to be innocent of the crime charged, until the contrary is made to appear ; but when it is shown that he killed the deceased with a deadly weapon, the general presumption of innocence yields to the specific proof of such homicide, and the law infers that it was malicious, and therefore murder, because, as a rule, it is unlawful to kill a human being, and is murder if not something else ; and as special circumstances only will vary the legal view of homicide so as to relieve it from the character of murder, it is inferred or presumed to be such from the fact of killing unexplained ; but if the attendant circumstances are shown in evidence, whether on the part of the State or the accused, the character of the killing is to be determined by considering them, and it is then not a matter for presumption which operates in the absence of explanatory evidence, but for determination from the circumstances shown in evidence.   This is the doctrine of the case of *McDaniel* v. *The State*, 8 Smed. & M. 401, and of

other cases, including *Head* v. *The State*, and we approve it.

In considering the circumstances of a homicide, as disclosed by all the evidence, the jury is to keep in view the rule that, if from a consideration of all the evidence there exists a reasonable doubt as to the character of the killing, it must be resolved in favor of the accused, who should not be convicted of any crime not made out by the evidence beyond all reasonable doubt.

We reject the suggestion that our statute alters the common law as to implied malice, and that murder is limited by the statute to killing with "express malice," and adhere to the view of our predecessors, that murder is the unlawful killing of a human being with malice, express or implied; and that malice is implied from any intentional killing which the law does not make justifiable or excusable; and that "malice aforethought" and "premeditated design," or "deliberate design," mean the same thing; and that "deliberate design" may be formed suddenly, and that the use of a deadly weapon to kill is evidence of deliberate design to effect death. The settled rule in this court is that all of the instructions given by the court to the jury are to be construed together, and if, taken together, they correctly announce the law, a reversal of the judgment will not occur although some of the instructions, in themselves, may not be strictly correct. *Mask* v. *The State*, 36 Miss. 91; *Head* v. *The State*, 44 Miss. 731; *Scarver* v. *The State*, 53 Miss. 407. This is a necessary rule under our system, in which the judge instructs the jury only "at the request of either party." A proper qualification of the rule is, that it should very clearly appear that any error in the instructions for the State was effectually corrected and cured by instruction for the accused bearing on the point wherein there is error in the instruction given at the request of the State; otherwise, erroneous instruction for the State should cause a reversal.

The instructions for the State, except the fifth and sixth,

are unexceptionable. The fifth and sixth are obnoxious to the objection held good in *McDaniel* v. *The State*, 8 Smed. & M. 401, because they announce that it devolves on the prisoner to show the circumstances which excuse his act, omitting the necessary qualification, " unless they arise out of the evidence produced against him." Besides this valid objection, the fifth instruction declares the burden of showing that the killing was not malicious to be upon the prisoner, and that unless he did this *to the satisfaction of the jury* he was to be found guilty. It not only imposed on the accused the duty to show that the killing was not malicious, but suggests, if it does not require, that he should furnish a preponderance of evidence in support of this negation. He was required by it to show that the killing was not malicious, to the *satisfaction of the jury;* and nothing less than preponderant evidence could do this. Although this instruction is fully sustained by the language of the court in *Head* v. *The State*, above quoted, it is not correct, for it is not true that the accused must produce evidence to prove that he is not guilty. The State must prove that he is guilty.

The question is, Does it clearly appear, and can we say with entire confidence that the error of this instruction was effectually cured and its vicious influence completely removed by instructions given for the defendant? The third instruction for the defendant is in these words : " The law presumes that the prisoner is innocent, and the burden of proof is on the State to show that he is guilty ; and if, upon all the evidence, the jury entertains a reasonable doubt as to whether the killing proceeded from a murderous intent on the part of the prisoner, or, on the other hand, from the principle of self-defence, they must find the prisoner not guilty." It consists of three propositions : 1. The statement of the legal presumption of innocence. 2. The announcement that the burden of showing guilt is on the State. 3. That if from all the evidence the jury has a reasonable doubt whether the

killing was done with evil intent, or in self-defence, they must acquit.

It may be assumed that proof of the killing in this case displaced the presumption of innocence, and that the burden on the State to show guilt was held to be discharged by evidence of the killing as proved.

The duty of the jury to acquit if, from all the evidence, there existed a reasonable doubt whether the killing proceeded from a murderous intent, or from self-defence, stood opposed to the declaration in the instruction for the State that the burden of showing that the killing was not malicious was upon the defendant, and unless he did this *to the satisfaction of the jury*, it was to find him guilty of murder.

It is impossible for us to say that the jury was not misled by these opposite rules, to the injury of the accused.

It is at least doubtful whether the vice in the instructions for the State was effectually cured by the instructions for the accused. It is certain that error was committed against him. It is not certain that it was completely removed. There is no other instruction, except the fourth, for the accused, which has any direct bearing on the point in which the error was committed in instructing for the State.

Judgment reversed, new trial awarded, and cause remanded.