Syllabus.

## JOHN BISHOP *v.* THE STATE.

62 289
d80 287
80 288
62 289
87 427

1. VENUE. *Change of. Refusal to grant in murder case. Supreme court practice.*
  This court will not reverse a judgment upon a conviction of murder because of the refusal of the circuit court to grant a change of venue, unless it be apparent by the record that there was an abuse of the court's discretion.

2. MURDER. *Presumption of malice. How overcome. Evidence " to satisfaction of jury." Instruction.*
  In the trial of an indictment for murder an instruction was given for the State in these words: "Every killing with a deadly weapon is presumed to be malicious and amounts to murder until the contrary appears from circumstances of alleviation, excuse, or justification, and it is incumbent on the defendant to make out such circumstances to the satisfaction of the jury unless they arise out of the evidence in the case; and if the jury believe from the evidence that defendant cut and killed deceased with a knife, and that said knife was a deadly weapon, and that at the time defendant so cut and killed deceased he had no reasonable ground to apprehend, from some overt act of deceased, that deceased designed immediately to kill him or do him some great bodily harm, in such case defendant is guilty of murder and the jury should so find." The first clause of this instruction, which requires the defendant to rebut the presumption arising from the use of a deadly weapon "to the satisfaction of the jury," would be condemned if viewed alone; but when considered with the latter clause interpreting and applying it, and in connection with proper charges for the defendant as to the burden of proof, quantity of proof required of the State, reasonable doubt, and the other phases of the defense, it is not fatally erroneous.

3. SAME. *Use of deadly weapon. Presumption—how rebutted. Evidence " to satisfaction of jury." Instruction.*
  In the trial of a charge of murder the following instruction was given for the State: "If the defendant killed the deceased with a deadly weapon, the use of such a weapon is *primâ facie* evidence of malice and an intention to murder; and before this presumption is overcome it must be shown by the evidence, to the satisfaction of the jury, that at the time of the use of such weapon the defendant was in present, urgent, and immediate danger, real or apparent, of losing his life or suffering some great bodily harm from the deceased." The requirement in this instruction that the defendant shall overcome the presumption arising from the use of a deadly weapon by evidence "to the satisfaction of the jury," though improper, is not a fatal error where the instructions for the defendant liberally declare the law as to reasonable doubt, the burden of proof, the measure of proof required of the State, and every other phase of the defense.

4. CRIMINAL PRACTICE.   *Instruction requiring evidence " to satisfaction of jury."*
   *Criticism.*

    It is a dangerous error for a circuit court to instruct a jury in any criminal case
   that it is necessary for the defendant to overcome any presumption or estab-
   lish any defense " to the satisfaction of the jury," because it tends to impose
   a greater burden upon the defendant than is sanctioned by law, and to
   deny him the benefit of any reasonable doubt which may arise from the
   evidence.

APPEAL from the Circuit Court of Union County.

HON. W. S. FEATHERSTON, Judge.

John Bishop being under indictment for the murder of G. W.
Hall, applied for a change of venue.  In support of his application
he filed his affidavit and the affidavit of six other persons, citizens
of the county, to the effect that they believed that by reason of un-
due prejudice in the public mind, the defendant could not get a fair
and impartial trial in Union County.  Seven witnesses were called
for the State, who testified to the effect that they were residents of
the county, and they believed that the defendant could get a fair
and impartial trial in the county, although the general opinion
was that he was guilty.  The defendant then introduced four wit-
nesses who testified that there had been much talk of mobbing or
lynching the defendant.  The first of these witnesses thought that
a considerable prejudice existed against the defendant, but that he
could get a fair trial in the county ; the second thought that great
prejudice existed against the defendant, and that he could not get a
fair trial in the county ; the third said nothing as to prejudices,
and was " not prepared to say that the defendant could not get a
fair trial ; " the fourth said he knew of " no reason why the de-
fendant could not get a fair trial."  The State introduced testi-
mony to the effect that one of those whose affidavit had been filed
in support of the motion was a brother of a co-defendant in the
case, that another was concerned in a recent homicide in the county,
and that still another was the father of one implicated in the same
homicide.  Upon this evidence the court overruled the motion for
a change of venue.

  The defendant was tried and convicted of murder.  It is not
necessary to state the evidence adduced.  Of the instructions for

the State, the third and ninth are the only ones passed upon by this court and they are set out in the opinion. The following instructions given for the defendant are set forth as proper to be considered with the two above referred to in the view indicated in the opinion of the court:

"3. The court charges the jury that in this case it devolves upon the State to make out its case to the satisfaction of the jury; a mere preponderance of evidence is not sufficient, but every material allegation in the indictment necessary to constitute the crime charged must be proven beyond every reasonable doubt. And if the jury, from all the evidence, have a reasonable doubt as to any single material allegation in the indictment necessary to constitute the crime charged, then they are bound to find the defendant not guilty.

"4. The court charges the jury that in this case the law presumes that the defendant is innocent of this crime and of every part of it, and that this presumption continues throughout the case and every part of it, and unless it is overthrown by the evidence in this case to the satisfaction of the jury, they will acquit the defendant.

"5. The court charges the jury that if there is a probability of the innocence of the defendant, then there is a reasonable doubt of his guilt, and they should acquit.

"6. The court charges the jury that the defendant is entitled to the benefit of every reasonable doubt arising from the testimony, and if the jury have a reasonable doubt growing out of the evidence as to whether defendant killed Hall in sudden combat and in the heat of passion, or with a premeditated design to take his life, then they cannot find him guilty of murder, but may find him guilty of manslaughter, if they believe, from the evidence, that he killed Hall without malice, in the heat of passion, with a dangerous weapon, without authority of law, and not in his own necessary self-defense.

"7. The court charges the jury that to constitute murder there must be not only a killing, but it must be done with malice, and if, upon the whole evidence, the jury doubt either as to the killing

or the malice of the act, the defendant is entitled to the benefit of such doubt, and the jury cannot find defendant guilty of murder.

" 8. The court charges the jury that before they can find the defendant guilty of murder, they must believe from the evidence, not only that the defendant killed Hall, but that his mind had acted and resolved and determined to kill him, and the fatal blow or cut must have been given with the deliberate and formed design to kill and murder him, and unless they are satisfied by the evidence beyond a reasonable doubt that such fixed and formed design to kill and murder had been formed by the defendant and existed at the time of the killing, they cannot find the defendant guilty of murder.

" 10. The court charges the jury that if they believe from the evidence that the deceased in a threatening manner drew a piece of rail on the defendant and advanced on the defendant with a piece of rail drawn, and that said piece of a rail was a deadly weapon, then defendant had a right to defend himself; and if they believe from the evidence that defendant had reasonable ground to apprehend the loss of his life or great bodily harm at the hands of Hall at the time, and that such danger, actual or apparent, was present, immediate, and impending, then defendant had a right to strike in his own self-defense and to resist force by force, even to the extent of taking the life of the deceased, if necessary to save his own life or to save himself from great bodily harm."

From the judgment of the court below sentencing him to be hanged the defendant appealed to this court.

*J. H. Dalton,* for the appellant.

We admit that this statute leaves the granting of a change of venue largely in the discretion of the court, but insist that it is a judicial discretion which must not be abused, and when abused this court will review the ruling of the court below and correct the error. *Mask et al.* v. *The State,* 3 George 405.

Has that discretion been abused in this case? The defendant made the affidavit required by the statute, supported by the affidavits of six persons. This was certainly a very strong *primâ facie*

showing.    The State had the right to overturn this showing, but it is strengthened rather than weakened by the testimony adduced by the State.

The court erred in granting the third and ninth instructions for the State.    These charges are both objectionable in this : They deprive the defendant of the benefit of a reasonable doubt.    The third charge is copied from a charge given in the case of *Fortenberry* v. *State*, 55 Miss. 403.    In that case the court says the charge is good.    The point in that case was that the law presumed every killing with a deadly weapon to be murder.    The court held that the point was not well taken.

The point I make is, that the charge tells the jury that  " Every killing with a deadly weapon is presumed to be malicious and amounts to murder until the contrary appears from circumstances of alleviation, excuse, or justification," and it is incumbent on the accused to make out such circumstances to the satisfaction of the jury, unless they arise out of the evidence in the case.

We contend that while the presumption of murder arises from the killing with a deadly weapon, yet when, from all the evidence in the case, a reasonable doubt of malice or guilt is raised the jury should acquit.

In the case of *Pollard* v. *State*, 53 Miss. 410, this question is presented on a charge given in relation to an *alibi* and is conclusively settled.

In *Cunningham* v. *State*, 56 Miss. 269, the court say that whenever there has been a doubt of the sanity of accused raised in the minds of the jury he should be acquitted.

In the case of *Hawthorne* v. *State*, 58 Miss. 778, the court say that the defendant never occupies the attitude in a case when the evidence must satisfy the jury of his innocence.    We submit that the true doctrine is, that the jury should acquit, if, from the evidence, there exists a reasonable doubt whether the killing proceeded from a murderous intent or from self-defense.    The jury need never be satisfied that the defendant acted in self-defense or without malice.

In *Ingram* v. *State,* decided at this term of this court, the same rule is laid down.

In *Guice* v. *State,* 60 Miss., the point here contended for was not made, besides, that was a case of assassination.

The ninth instruction for the State is, if possible, more objectionable than the third, and the same arguments will apply to both. In addition to the authorities already cited see *McKenna* v. *State,* 61 Miss. 589.

*J. H. Dalton* also made an oral argument.

*J. L. Harris,* for the State, argued the case orally.

ARNOLD, J., delivered the opinion of the court.

It is not apparent that there was any abuse of the discretion vested in the court in refusing to grant the application for a change of venue. *Weeks* v. *The State,* 31 Miss. 490 ; *Cavenaugh* v. *The State,* 56 Miss. 300.

It is earnestly insisted by counsel for the appellant that the court below erred in the instructions given to the jury for the State, and the third and ninth instructions for the State are particularly designated as being erroneous. The third instruction for the State is, " Every killing with a deadly weapon is presumed to be malicious and amounts to murder until the contrary appears from circumstances of alleviation, excuse, or justification, and *it is incumbent on the defendant* to make out such circumstances *to the satisfaction of the jury* unless they arise out of the evidence in the case, and if the jury believe from the evidence in the case that defendant cut and killed deceased with a knife, and that said knife was a deadly weapon, and that at the time defendant so cut and killed deceased he had no reasonable ground to apprehend, from some overt act of deceased, that deceased designed immediately to kill him or do him some great bodily harm, in such case defendant is guilty of murder and the jury should so find."

The objection made to this instruction is that it required the defendant, in a certain contingency, to overcome the presumptions which arise from killing with a deadly weapon, *to the satisfaction of the jury,* and denied him the benefit of the humane and merciful

rule of law which entitled him to acquittal if, upon the whole evidence, there was a reasonable doubt of his guilt. If the first part of the instruction stood alone and without qualification, it would be obnoxious to the objection made, but it is interpreted by the latter part of the instruction and the application therein made of the principles enunciated, to supposed, facts in such manner, that it cannot be said that the instruction, as a whole, is erroneous when considered in connection with the instructions for the defense.

The ninth instruction for the State is, that " if the jury believe from the evidence that the defendant with a knife, and that such knife was a deadly weapon, cut and stabbed the deceased and thereby killed him, then the use of such deadly weapon is *primâ facie* evidence of malice and an intention to kill and murder, and before this presumption is overcome it must be shown by the evidence in the case *to the satisfaction of the jury* that at the time of the use of such deadly weapon the defendant was in present and immediate danger, real or apparent, of losing his life or suffering some great bodily harm from the deceased, and such danger must have been urgent, present, and immediate, at the very time of the killing."

The same objection is made to this instruction that was made to the third given for the State, and it contains to some extent the same objectionable features. A similar instruction in *Guice* v. *The State*, 60 Miss. 714, was, upon the strong facts in that case and in connection with other instructions not referred to in the opinion of the court, said to be correct; but as an independent proposition disconnected from other instructions in the case it could not have been approved. It is a dangerous error in any criminal trial to instruct the jury that it is incumbent on the accused to prove anything necessary to his defense, *to the satisfaction of the jury*, or that any presumption against him must be overcome by him, on the evidence in the case, *to the satisfaction of the jury*. Such instructions tend to impose upon the accused a greater burden than is sanctioned by law, and to authorize conviction without reference to any reasonable doubt that may arise from

the evidence. *Pollard* v. *The State*, 53 Miss. 410 ; *Cunningham* v. *The State*, 56 Miss. 269 ; *Hawthorne* v. *The State*, 58 Miss. 778 ; *Smith* v. *The State*, 58 Miss. 867 ; *McKenna* v. *The State*, 61 Miss. 589; *Ingram* v. *The State*, *ante* ; *Dawson* v. *The State*, *ante*.

The instructions in question are not without fault on the points referred to, but the law in regard to reasonable doubt and the burden of proof and the measure of proof required of the State, and every other phase of the defense, was so liberally and fully and clearly expounded in the charges given for the appellant that it cannot be conceived how the jury could have been misled by the instructions. Construed together, it clearly appears that the law of the case was properly announced by the instructions, and the judgment should not be disturbed on account of the instructions when such conclusion is reached. *Hawthorne* v. *The State*, 58 Miss. 778, and authorities therein cited.

There is nothing in the other errors assigned or in the record which requires or would warrant us in interfering with the result of the trial in the lower court.

*Affirmed.*