JESSE GEE *v.* STATE OF MISSISSIPPI.

CRIMINAL LAW. *Murder. Malice. Deadly weapon. Presumption. Instruction.*

> In a murder case, where the sole inquiry is as to the identity of the guilty party, an instruction to the effect that if the killing by defendant with a deadly weapon has been proved beyond a reasonable doubt, the law will presume the malice requisite to constitute murder, is misleading, as intimating that defendant did the killing.

FROM the circuit court of Bolivar county.

HON. FRANK A. LARKIN, Judge.

Jesse Gee, appellant, was indicted for the murder of one Taylor Nicholson, in October, 1901. He was tried, convicted, and sentenced to death, from which conviction and sentence he appealed to the supreme court.

On the trial the state's evidence showed that appellant had been intimate with a woman, Lucy McKeever, before his marriage to another woman. After appellant married, Nicholson, the deceased, took up with Lucy, and was visiting her. On the night of the killing Gee was at Lucy's house, and a short time after he left a pistol was heard near the gallery of the house, and Lucy and her mother, who were in the house, testified that Gee ran around the house, and said: "If you tell this in forty years, I will kill you." It was also shown that appellant had exchanged a gun for a pistol a short time before the killing. There was no eye witness to the killing. Nicholson was found dead near the doorsteps of Lucy McKeever's house the next morning after the witnesses heard the pistol shot.

The instruction No. 2 for the state, referred to in the opinion of the court, is as follows:

"The court instructs the jury that every homicide is presumed in law to be malicious, and therefore murder; and, when the killing by defendant with a deadly weapon has been proved by the evidence beyond a reasonable doubt, the law will presume the malice requisite to constitute murder, and it is then incumbent upon the defendant to show some circumstances of justification, alleviation, or excuse, unless these arise out of the evidence adduced against him."

*F. A. Montgomery*, for appellant.

Upon the testimony the second instruction given for the state is wrong, and could not fail to prejudice the defendant's case in the minds of the jury.

The instruction cannot be given without serious prejudice

to the rights of a defendant who denies that he has committed the homicide with which he is charged, and which must first be proved to the exclusion of every reasonable doubt, before the degree of guilt can be ascertained.

It cannot be said in the case at bar that the instruction is anywhere modified or its fault cured by any other instruction given either for the state or defendant, nor can it be said from this record that the evidence fixing the homicide with which the appellant was charged, upon him, is so clear and conclusive that the verdict of the jury will not be disturbed because substantial justice has been done.

*Monroe McClurg,* Attorney-General, for appellee.

Instruction No. 2 given for the state is a correct enunciation of the law under the facts in this case. *Bishop* v. *State,* 62 Miss., 289; *McDaniel* v. *State,* 8 Smed. & M., 401; *Hawthorne* v. *State,* 58 Miss., 778.

Whitfield, C. J., delivered the opinion of the court.

We are not satisfied with the second instruction for the state, as applied to the facts of this case. It is too broad. The main inquiry was as to the identity of the slayer, and the proof of identity is extremely meager. Identification by recognition of voice is enough, if it be perfectly clear, and what is said amounts to confession. The testimony is very scant on these points in this case. In this close case we think the jury may have been misled by this charge. It does not, like the charge in *Bishop's case,* 62 Miss., 289, say that, "if the jury believe beyond a reasonable doubt that defendant shot and killed deceased, and did not have reasonable ground to apprehend death or great bodily harm at the hands of the deceased," etc., "then," etc. This was not a case wherein circumstances of excuse or justification were shown by either side. Indeed, the circumstances of the killing are wholly unknown, except as to the weapon supposed to have been used. Who killed the deceased?

was the question. In all three of the cases cited by the state—
*Bishop* v. *State,* 62 Miss., 289; *Hawthorne* v. *State,* 58 Miss.,
778, and *McDaniel* v. *State,* 8 Smed. & M., 401 (47 Am.
Dec., 93)—there was no doubt as to who did the killing. We
think the language of this instruction, under the peculiar facts
of this case, may well have been understood by the jury as in-
timating that the defendant did the killing, when that very
fact was the pivotal one in the case; and in this view the charge
is clearly error.

*Reversed and remanded.*