Riley v. State.

[68 South. 250.]

Homicide. *Trial. Instruction. Use of deadly weapons. Presumption of malice.*

In a prosecution for murder, where the evidence warranted a belief that deceased was the aggressor, an instruction for the state "that the law presumes malice from the deliberate and unlawful

use of a deadly weapon whereby life is taken, and the presumption of law will prevail, unless overthrown by the facts and circumstances in evidence" was improper as assuming that the fatal shot was deliberately and unlawfully fired, creating a presumption of guilt for defendant to overcome, in violation of his right to acquittal if there was a reasonable doubt of his guilt.

ON MOTION FOR DISCHARGE.

1. HOMICIDE. *Use of deadly weapon. Presumption of malice.*
Where the killing of a human being is with a deadly weapon, if unexplained, the jury would be warranted in inferring malice.

2. HOMICIDE. *Self-defense. Sufficiency of evidence.*
On motion to discharge the defendant after reversal of conviction, the court held that the evidence showed that he had acted in self-defense and discharged him from custody.

APPEAL from the circuit court of Leake county.
HON. C. L. DODDS, Judge.

Ben Riley was convicted of murder and appeals. Reversed, and defendant discharged.

*W. F. Triplett* and *R. B. Walker,* for appellant.

The error that we shall notice is the instruction of the state No. 1. ''The court instructs the jury for the state that the law presumes malice from the deliberate and unlawful use of a deadly weapon whereby life is taken and this presumption of law will prevail unless overthrown by the facts and circumstances in evidence, marked ''Given.''

This instruction should not have been given (1) because there is no competent evidence to show deliberation (2) where the circumstances of a killing are fully laid before the jury, instructions announcing legal presumptions should not be given. *Raines* v. *State,* 81 Miss. 489. (3) The last clause of this instruction ''unless overthrown by the facts and circumstances in evidence'' throws the burden of proving excuse of justification for the killing upon the defendant. The burden is never upon the defendant but always upon the state.

It is sufficient if there arises a doubt in the mind of the jury as to whether the defendant acted in self-defense or not, this doubt, of course, being reasonable. See *Lamar* v. *State*, 63 Miss. 265 and cases cited by court in opinion in that case.

Taking into consideration that this defendant is a negro charged with the killing of a prominent white man, that under such circumstances there wells up in the breast of every member of the white race, who takes part in such trials from the constable who may have made the arrest, to the judge on the bench a varying amount of prejudice against the defendant, the fact that witnesses are timid in testifying for such a negro, and the further fact that this defendant is a pauper being defended by two lawyers of limited experience under appointment by the court, we believe and are confident that we have gotten enough of the facts of this case before the court to convince them that, to let this verdict stand, would be a travesty upon justice.

*Ross A. Collins*, Attorney-General, for the state.

The instruction given for the state at which appellant complains is as follows:

"The court instructs the jury for the state that the law presumes malice from the deliberate and unlawful use of a deadly weapon whereby life is taken and this presumption of law will prevail unless overthrown by the fact and circumstances in evidence."

It is true that it never devolves upon the defendant in a criminal case to prove his innocence but that the state must prove his guilt, yet there is a certain state of facts which, if not avoided by some proof in the disclosure of the whole case, will warrant a verdict of guilt. Such for instance is the presumption that attaches from the deliberate use of a deadly weapon. The instruction complained of does not say in any manner whatsoever that it devolves upon the defendant to prove his inno-

cence but merely tells the jury that a certain presump-
tion attaches to the deliberate and unlawful use of a
deadly weapon unless this presumption is overthrown
by the facts and circumstances in evidence. It does not
limit or direct the jury's attention to the evidence ad-
duced by the defendant but merely says that if, in the
light of a full disclosure of all the facts and circum-
stances in the case; there are no extenuating circum-
stances, they will be warranted in presuming malice
from the deliberate use of a deadly weapon. In the
*Lamar Case,* 63 Miss. 265, cited by the appellant, does
not sustain his contention in regard to this instruction
but on the other hand, I cite it to the court to uphold
its correctness.

Cook, J., delivered the opinion of the court.

Appellant was convicted upon an indictment charging
him with murder, and was sentenced to the penitentiary
for life. Defendant is a negro, and the deceased was a
white man. There were two trials of this case. The
first trial resulted in a mistrial.

The evidence for the state shows that, on the day
next preceding the day of the homicide, deceased and
defendant had a conversation about some "confusion"
(a negro term) between them, when deceased said to
defendant:

"Ben, I want you to go with me to straighten up those
lies that you have been telling on me. If you don't go,
somebody will get a kicking, and, Ben, you will be the
man to get the kicking."

No eyewitness testified about the homicide but it ap-
pears that deceased went to the home of defendant,
armed with a loaded gun; that when he got there both
parties fired on the other. The shots were fired so close
together that witnesses who heard them said that they
were distinguishable, but were so nearly simultaneous
that they sounded like one big gun. Deceased was shot

in the head, and the wound was of such a character as to immediately paralyze him.

The physical facts seem to demonstrate that defendant was inside of the house when the tragedy occurred, and that deceased was on the front gallery of the house; and it seems to be the more rational conclusion that deceased fired the first shot. The interval between the two shots was appreciable, but slight.

A witness for the state testified defendant told him a day or so before the homicide that if deceased "come on him again" he would kill him. The testimony of this witness conflicted with itself, and a critical person might reasonably decline to believe anything he said.

In this state of the record, the court granted this instruction to the state, viz.:

"The court instructs the jury for the state that the law presumes malice from the deliberate and unlawful use of a deadly weapon whereby life is taken, and the presumption of law will prevail, unless overthrown by the facts and circumstances in evidence."

This instruction, in effect, told the jury to convict defendant, unless the facts and circumstances in evidence convinced them that the defendant did not fire the shot with malice aforethought, but in necessary self-defense. This is a case where the evidence, taken as a whole, would warrant a fair and unbiased juror in believing that deceased was the aggressor; and, this being true, the instruction should not have been given. The instruction assumes that the fatal shot was deliberately and unlawfully fired, and upon this assumed fact is built a legal presumption of guilt which defendant must overcome.

The defendant in a criminal case is never required to overcome the state's theory; he is entitled to an acquittal if the evidence, or want of evidence, raises a reasonable doubt of his guilt.

*Reversed and remanded.*

## ON MOTION TO DISCHARGE.

REED, J.

On a former day we reversed and remanded this case. Our reversal was based upon error of the trial court in granting an instruction. Appellant now suggests that we amend our judgment in the case so as to discharge him from further prosecution.

We think it is indicated in the statement of the case in our former opinion that appellant was justified in the homicide on the ground of self-defense. It is true that the killing in this case was with a deadly weapon, and from this, if unexplained, the jury would be warranted in inferring malice; but by the circumstances in evidence the use of a deadly weapon was explained in this case, and it is apparent to us, from all the evidence, that appellant acted in self-defense.

Therefore, in response to the suggestion, we direct that the judgment in this case be amended so as to finally discharge appellant.

SMITH, C. J. (dissenting).

I am of the opinion that appellant should not be discharged, but that the case should be submitted to a jury under proper instructions. I do not think it can be said, as a matter of law, that the sidelights upon the killing, referred to in our former opinion, explained its character. All that can be said relative thereto is that from them the jury would be warranted in entertaining a reasonable doubt as to whether the killing was malicious. The unexplained killing of a human being, with or without a deadly weapon, under all of our authorities, is presumed to be murder. Whether or not a deadly weapon was used is material only when the attendant circumstances are in evidence, and from them no express malice appears, in which event malice may be inferred from the use of a deadly weapon. *McDaniel* v.

*State,* 8 Smedes & M. 401, 47 Am. Dec. 93; *Green* v. *State,* 28 Miss. 687; *Hague* v. *State,* 34 Miss. 616; *Jeff* v. *State,* 39 Miss. 593; *Head* v. *State,* 44 Miss. 731; *Hawthorne* v. *State,* 58 Miss. 778; *Lamar* v. *State* 63 Miss. 265.