From a second conviction of murder with death sentence, appeal is prosecuted here. The report of the first case is found in 140 So. 532.
We shall not undertake to detail all the facts and circumstances of this case. Appellant was a negro tenant on a delta plantation; the deceased was the white manager thereof. On a certain morning in August, appellant had a truck loaded with his goods, preparing to move from the plantation, when the wife of the deceased drove up and requested the owner of the truck not to move the appellant's household goods until her husband came. Her request was acceded to by the truck owner. She drove away, and Jake Washington went to the truck, took a bundle and his pump shotgun therefrom, and started on the public road toward a small town. He met his brother, and they walked down the road en route back where the truck was loaded; they were overtaken by Fulcher, driving his car. Jake Washington got out of the road and turned south in the cotton patch. Mr. Fulcher, with his pistol in his hand, sprang from the car in which he was riding, and went out of sight of the state's witnesses, following Jake, toward a house some twenty feet from the road where shooting began.
The only evidence of the state as to which shot first was that of two witnesses, one of whom adjudged that the first report he heard was that of a gun, and the other witness thought that the first report came from a gun. The deceased was shot in the hand, arm, shoulders, and chest, evidently by a shotgun. There was an eye witness offered by the defendant who testified that the deceased fired the first shot while in pursuit of Jake Washington; that Jake fell in the cotton field, and, after Fulcher fired upon him, he returned the fire. This evidence was strongly corroborated by another witness.
The only possible theory upon which the appellant *Page 53 
could be guilty of murder would be to apply as conclusive this evidence as to the difference between the report of a shotgun and that of a pistol. All the other evidence is not inconsistent with appellant's plea of self-defense. Resting entirely upon the evidence of the two witnesses that they could distinguish the difference between a report of a pistol and a shotgun is too slight evidence upon which to permit a permanent conviction to stand. Even with this evidence the overwhelming weight of the testimony was against the verdict of the jury. Bang v. State,60 Miss. 571; Jones v. State (Miss.), 60 So. 735; Riley v. State,109 Miss. 286, 68 So. 250; McNeal v. State, 115 Miss. 678, 76 So. 625; Fletcher v. State, 129 Miss. 207, 91 So. 338.
In view of the very grave uncertainty in this testimony, we have decided that the case should be tried again.
Reversed and remanded.