Walker *v*. State.*

(Division B.　May 16, 1927.)

[112 So. 673.　No. 26379.]

1. Homicide. *Instuction, in prosecution for assault and battery with intent to kill, that malice may be inferred by use of deadly weapon held erroneous.*

    Instruction, in prosecution for assault and battery with intent to kill and murder, to effect that malice may be inferred by use of deadly weapon *held* erroneous, since in order for use of deadly weapon to carry with it inference of malice its use must be deliberate.

2. Homicide. *Malice is essential for assault and battery with intent to kill and requires deliberation.*

    Malice is an essential element of the crime of assault and battery with intent to kill and murder and cannot exist without deliberation.

3. Homicide. *Instruction, in prosecution for assault and battery with intent to kill, on inference of malice from deliberate use of deadly weapon held erroneous.*

    Where in prosecution for assault and battery with intent to kill and murder, all the facts and circumstances attending shooting by

defendant were developed by the evidence, instruction relative to malice, being inferred by deliberate use of deadly weapon, *held* erroneous, since jury should have determined malice from such circumstances and state was not entitled to have its case strengthened by instruction to such effect.

*Corpus Juris-Cyc References: Homicide, 30CJ, p. 20, n. 3, 8; p. 355, n. 70.

APPÉAL from circuit court of Pike county.

HON. E. J. SIMMONS, Judge.

Vincie Walker was convicted for assault and battery with intent to kill and murder, and she appeals. Reversed and remanded.

*James A. Wiltshire,* for appellant.

Under the evidence, had the prosecuting witness Hillary Garner died, appellant could have been convicted only of manslaughter even if the state's theory is right; and this being true, when the defendant in the court below asked for an instruction, defining manslaughter on the ground that if defendant shot with intent to commit manslaughter and murder, the court should have granted it. *Morman* v. *State,* 24 Miss. 54.

This defendant could no more be convicted of assault and battery with intent to kill where the proof showed, if it showed any, intent only to commit manslaughter, then she could be convicted of assault and battery with intent to kill on evidence and proof of an intent to commit rape or some of the other crimes named with murder and manslaughter in section 771, Hemingway's Code.

It is the intent to kill which raises the crime from a misdemeanor to a felony and the only proof of the intent to kill is such as is presumed from the use of a deadly weapon; all the facts and circumstances and the direct proof showed that there was no intent to kill, and, under this state of the case, the presumption or inference of guilt from the use of a deadly weapon would

disappear and yield to the proved facts and circumstances. *Gillespie* v. *State,* 96 Miss. 859.

Instead of placing the matter in the jury's hand "free from the rule," we were harnessed up with an instruction granted the state as follows: "The court instructs the jury for the state that malice may be inferred by the use of a deadly weapon."

The defendant testified that she shot in self-defense and positively that she did not intend to kill Hillary Garner, but shot at her legs to stop her from coming on her with the knife. In view of the fact that she did not intend to kill her—and her testimony is corroborated by all the physical facts and circumstances of the shooting—it was error for the trial court to grant the instruction in this state of the case. Especially since it leaves out the word "deliberate" before the word "use." *Cumberland* v. *State,* 110 Miss. 521; *Hollins* v. *State,* 128 Miss. 119; *Haley* v. *State,* 106 Miss. 368; *Johnson* v. *State,* 136 Miss. at 780.

Juries are prone to attach but little importance to negro testimony at best. This instruction leaves them where they could easily say, and probably did say, in the jury room: "This woman admits she shot her with a deadly weapon; this instruction tells us that we may infer malice from the use of a deadly weapon; and there is nothing left to do but convict her."

*Rufus Creekmore,* Special Assistant Attorney-General, for the state.

I. Counsel first insists that the court was in error in refusing the instruction requested by the defendant. *Morman* v. *State,* 24 Miss. 54, is not authority for the defendant. That case merely held that under an indictment charging assault and battery with intent to kill and murder, the defendant could not be convicted of an assault and battery with intent to commit manslaughter; these two crimes being separate and distinct felon-

ies, for which separate and distinct punishments were imposed.

The court was correct in refusing this instruction, for the reason that under an indictment charging assault and battery with intent to kill and murder, the jury could, if they saw fit, return a verdict of assault and battery. This instruction does not so tell the jury; on the contrary, it tells them that if the facts as set forth in the instruction were found, then the verdict of the jury should be not guilty.

II. Counsel next insists that the court committed error in granting the state the following instruction: "The court instructs the jury for the state that malice may be inferred by the use of a deadly weapon."

Their objection to this instruction seems to be that it is erroneous because it fails to include the word "deliberate" before the word "use." Their argument is that malice can be inferred only from the deliberate use of a deadly weapon; and where self-defense is implied, it is necessary that this word be in the instruction.

The instruction probably would have been more aptly worded had the word "deliberate" been inserted therein, but in this particular case no reversible error had been committed by the exclusion of its from the instruction. In *Lamar* v. *State,* 63 Miss. 265, the court discussed at length the practice of giving this instruction on the presumption of malice. Compare *Riley* v. *State,* 109 Miss. 286; *Cumberland* v. *State,* 110 Miss. 521.

Argued orally by *J. J. Cassidy,* for appellant, and *Rufus Creekmore,* Assistant Attorney-General, for the state.

ANDERSON, J., delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Pike county of the crime of assault and battery
146 Miss.—33.

with intent to kill and murder, and sentenced to pay a fine of five hundred dollars and ninety days' imprisonment. From that judgment, she prosecutes this appeal.

Appellant and Hillary Garner, both negro women, lived in the town of Magnolia. At the time of the alleged crime, appellant was conducting a restaurant and cold drink stand in the negro quarters of the town. On July 4, 1926, Hillary Garner, together with a male friend of hers, Clifton Griffin, went into appellant's restaurant for the purpose of buying cold drinks. Appellant and Hillary Garner got into an angry altercation, resulting in appellant ordering Hillary Garner to leave the restaurant, which the latter proceeded to do. After Hillary Garner got outside the door of the restaurant, the appellant came out of the restaurant with a pistol in her hand and shot three times at Hillary Garner, hitting her twice in the legs. Appellant testified that she shot at Hillary Garner's legs in self-defense and for the further purpose of getting rid of her by frightening her away, and that appellant did not intend to kill her. The physical facts seem to bear out, to the same extent, appellant's testimony that she did not shoot with intent to kill. Appellant testified, further, that when she shot Hillary Garner, the latter, with a knife in her hand, was advancing on appellant in a threatening manner. The state's testimony tended to show that appellant did not shoot in self-defense; that Hillary Garner, with a knife in her hand, was not advancing on appellant; but that, at the time appellant shot, she was in no danger of death or great bodily harm at the hands of Hillary Garner. The evidence was, therefore, such as would have justified the jury in a verdict of either guilty or not guilty. Among the instructions given for the state was the following:

· "The court instructs the jury for the state that malice may be inferred by the use of a deadly weapon."

The giving of this instruction for the state is assigned and argued on behalf of appellant, as error, on two

grounds: First, that the instruction should have contained the word "deliberate" between the word "the" and the phrase, "use of a deadly weapon;" and, second, that even if so amended, the instruction was inapplicable to the facts of the case and was misleading to the jury. We will consider these questions in the order stated.

We think appellant's criticism of the instruction because the word "deliberate" was left out of it is well founded. Under the law, malice may not be inferred from the *mere* use of a deadly weapon. In order for the use of a deadly weapon to carry with it the inference of malice, its use must be deliberate. It is true that only a short space of time is necessary for deliberation; nevertheless, deliberation must exist. Malice is an essential of the crime of assault and battery with intent to kill and murder, and cannot exist without deliberation. For illustration, if A commits an assault and battery upon B, with a deadly weapon, under facts and circumstances which would make A only guilty of manslaughter, if death results, at most, A is only guilty of an assault and battery, where death does not result.

We are also of opinion that the second ground of objection to the instruction is well taken. It is true that the word "deliberate," inserted in the instruction between the word "the" and the phrase, "use of a deadly weapon," would cause the instruction to embody a correct principle of law, nevertheless, it would be a principle having no application to the facts of this particular case. This is a case where all the facts and circumstances attending the shooting were developed by the evidence. There was, therefore, no room for an instruction informing the jury that malice might be inferred from a deliberate use of a deadly weapon. In *Lamar v. State,* 63 Miss. 265, in discussing a similar instruction, the court said:

"It is true that the law presumes malice from the deliberate use of a deadly weapon; it is not true that this

presumption should control in determining the verdict in cases in which all presumptions are swallowed up by a full disclosure of all the facts surrounding and attending the killing. Instructions of this character are not erroneous, for the presumption does exist as stated, but it exists as a part of the whole case and not as a dominating factor controlling all the facts disclosed, as it is the tendency of such instructions to suggest.''

It will be noted that the court said in that case that the law presumes malice from the deliberate use of a deadly weapon, but that it was not true that this presumption should control the jury in a case ''in which all presumptions are swallowed up by a full disclosure of all the facts surrounding and attending the killing.'' In the present case, there was a full disclosure of all facts and circumstances surrounding the shooting. The jury should have been left to determine from those facts and circumstances, alone, the question of malice. The state was not entitled to have its case strengthened by an instruction that the law presumed malice by the deliberate use of a deadly weapon. The appellant was contending that, at most, she was only guilty of an assault and battery; that the shooting was the result of an angry altercation between herself and the woman shot; and that the shooting was therefore done in the heat of passion, without malice. On the other hand, the state was contending that the evidence showed that appellant did the shooting, not in the heat of passion and without malice, but with the deliberate design to effect the death of the person shot at. In considering their verdict, the jury would have been justified in reasoning about it thus:

''It is true that we are not convinced, by the evidence alone, beyond any reasonable doubt, that appellant did the shooting with malice—the deliberate design to effect the death of the woman shot; still, the court tells us that we may infer malice from the deliberate use of a deadly weapon. Therefore, taking that presumption in

connection with the evidence, we conclude that the appellant is guilty.''

> *Reversed and remanded.*