# Smith *v.* State.

(Division B. Nov. 12, 1931.)

[137 So. 96. No. 29661.]

**B. F. Carter**, of Laurel, for appellant.

432

Collins & Collins, of Laurel, for appellant.

W. A. Scott, Jr., Assistant Attorney-General, for the state.

Argued orally by **B. F. Carter, Jr.**, for appellant and by **W. A. Scott, Jr.**, Assistant Attorney-General, for the state.

**Anderson, J.**, delivered the opinion of the court.

The appellant was indicted in the circuit court of Jones county for the murder of C. M. Strickland, was convicted of manslaughter, and sentenced to the penitentiary for a term of ten years. From that judgment he prosecutes this appeal.

On the trial Strickland's alleged dying declaration was

admitted over appellant's objection. The alleged dying declaration was damaging evidence against appellant. That action of the court is assigned and argued as error.

The deceased was shot by appellant, and lived about seventy-two hours. He was in Dr. Cranford's hospital a few minutes after he was shot, and a few minutes after his arrival there Dr. Cranford came and examined him. At that time the deceased made the alleged dying declaration, in regard to which Dr. Cranford testified as follows:

"Q. Doctor, when you first got there did Mr. Strickland make any statement to you? A. Yes sir. . . .

"Q. Doctor, what was his physical condition at the time you first got there? A. Very seriously shot.

"Q. What did he say if anything in reference to whether he was going to live or whether he was going to die? A. He said, 'Doctor, I am mighty glad to see you, I think I am fatally shot, and there will be a hundred damned lies told about this thing and I want to tell you how it happened.'

"Q. That was his statement to you? A. Yes. . . .

"Q. Did he use the language 'he was going to die?' A. I am not positive about that—he says, 'Doctor, I am fatally shot and there will be a hundred damned lies told about it and I want to tell you how it happened.'

"Q. I ask you if he said 'I am fatally shot and I believe I am going to die?' A. No, he said 'I am fatally shot' or 'I believe I am fatally shot.'

The burden is on the state to show beyond a reasonable doubt that the deceased believed in his immediate and impending dissolution, in order to make his declaration admissible. McNeal v. State, 115 Miss. 678, 76 So. 625.

In laying down the governing principles in the present case, we do not think we could do better than to repeat the language used by the court in Lea v. State, 138 Miss. 761, 103 So. 368, 370: "A dying declaration is

made without the sanctity of an oath and without an opportunity to cross-examine the declarant. To take the place of that sanctity and that right there must be an undoubting belief in the mind of the declarant, at the time the declaration is made, that death is upon him. If it shall appear in any manner that there was hope of recovery, however faint it may have been, still lingering in his breast, the required sanctity is not afforded, and the statement cannot be received. The belief by the declarant that he may ultimately die as a result of his injury is not sufficient to authorize the admission of his statement as a dying declaration. The predicate must exclude all hope of life. It must reach the point of absolute certainty in the mind of the declarant. He must feel sure that the finger of death is upon him''—citing Wilkerson v. State, 134 Miss. 854, 98 So. 770; Haney v. State, 129 Miss. 486, 92 So. 627; McNeal v. State, 115 Miss. 678, 76 So. 625; 1 R. C. L. 539, sec. 82. See, further, Reeves v. State, 106 Miss. 885, 64 So. 836, Ann. Cas. 1917A, 1245; Sparks v. State, 113 Miss. 266, 74 So. 123; Hathorn v. State, 138 Miss. 11, 102 So. 771.

We are of opinion that the alleged dying declaration of Strickland failed to meet the requirements of the law, and was therefore improperly admitted, and that this action of the court alone is sufficient to reverse the judgment.

The action of the court in giving the following instruction is assigned and argued as error: ''The court instructs the jury that while it is true in this case, as in all criminal cases, the defendant is presumed to be innocent until he is proven guilty and that this presumption of innocence goes with the defendant throughout the entire trial and until overcome by competent testimony, and that while it is further true that the burden of proof in this case, as in all criminal cases, is upon the state to satisfy the minds of the jury of the guilt of the defendant from the evidence, beyond a reasonable doubt, yet

the court now says to you that this presumption of innocence which the law throws around the defendant as a shield and safeguard is not intended to shield from punishment anyone who is in fact guilty, but is simply a humane provision of the law to guard against a conviction of an innocent person, and the court further says to you that if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant is guilty as charged in the indictment, then it is your sworn duty to say guilty by your verdict, regardless of the presumption of innocence, and the further fact that the burden of proof is upon the State.''

A careful analysis of this instruction, we think, shows that it embodies correct legal principles. Nevertheless, it is so adroitly drawn as to go very near the border line. The lay mind, in reading it, might get the idea that the jury, in making up their verdict, were not to take into consideration the burden of proof and the presumption of innocence. At first glance, the instruction is calculated to convey that impression. We cannot say it was error for the court to give this instruction, but we think that on another trial it should be left out of the case. The instruction is too illusive for the ordinary juror to get hold of and understand its meaning; it is too smart.

The action of the court in giving the following instruction is assigned and argued as error: ''The court instructs the jury for the state, that, if you believe from the evidence in the case, beyond a reasonable doubt, that the defendant voluntarily and intentionally entered into a combat, difficulty, quarrel, or altercation with the deceased at or near the school house in the City of Laurel, and that the defendant entered into the same, if any, armed with a pistol and that the said pistol, if any, was a deadly weapon, with the intention to use said pistol and shoot and kill the deceased therewith, and that the defendant in such combat, difficulty, quarrel, or altercation, if any, did wilfully, feloniously, and with malice

aforethought, if any, shoot and kill the deceased with said gun then under the law, the defendant is guilty of murder and it is the sworn duty of the jury to convict him.''

The fault in this instruction is that there was no evidence in the case tending to show that appellant armed himself with a pistol with intent to shoot and kill the deceased. The instruction embodies a correct principle of law, but the trouble with it is that it has no application to the facts of this case.

The court gave the following instruction for the state, which action of the court appellant assigns and argues as error: ''The court instructs the jury for the state that malice is implied by law from the nature and character of the weapon used and that the use of the deadly weapon in a difficulty and not necessarily in self-defense, is in law evidence of malice.''

This instruction embodies a correct principle of law, but is not applicable to this case, for the reason that all the facts and circumstances of the homicide were in evidence. In such a case the presumption of malice, arising from the use of a deadly weapon, disappears. Cumberland v. State, 110 Miss. 521, 70 So. 695; Walker v. State, 146 Miss. 510, 112 So. 673.

Reversed and remanded.

**Ethridge, P. J.**, delivered a specially concurring opinion.

I concur in the reversal of this case and upon all the grounds set forth in the majority opinion. I think that the instruction on the presumption of innocence is erroneous as well as confusing. The part of the instruction which tells the jury that this presumption of innocence which the law throws around the defendant as a shield and safeguard is not intended to shield from punishment any one who is in fact guilty, but is simply a humane provision of law to guard against a conviction

of innocent persons, is an erroneous announcement. The presumption of innocence applies to all persons, whether guilty or innocent, until the proof shows guilt beyond a reasonable doubt. The presumption is intended to require the state to prove its case and to prove it beyond a reasonable doubt regardless of whether the defendant is guilty in fact or not. The jury might believe the defendant guilty in fact, but might not be satisfied of that conclusion beyond a reasonable doubt; yet the instruction would make the jury believe that, when they reached the conclusion that the defendant was guilty in fact, although that conclusion was only reached by a preponderance of the evidence or upon insufficient evidence, they would disregard the presumption of innocence as having no application to the defendant whom they believed to be guilty in fact.

It is not permissible for the prosecuting attorneys, with the sanction of the court, to thus fritter away the substantial rights of the defendant. If the state wants to procure an instruction of this kind or to announce this principle sought to be announced in the instruction it should have merely added that, when the evidence overcomes the presumption beyond a reasonable doubt, the jury should return a verdict of guilty, notwithstanding the presumption of innocence. I do not think, therefore, that the instruction announces correct legal principles, but do agree that it is misleading and calculated to confuse the jury and ought not to have been given.