## YARBROUGH *v.* STATE.

(Division A. May 1, 1933.)

[147 So. 780. No. 30500.]

**Shands, Elmore & Causey,** of Cleveland, for appellant.

**Herbert Nunnery,** Assistant Attorney-General, for the state.

**McGowen, J.,** delivered the opinion of the court.

The appellant, Yarbrough, was tried and convicted

of the murder of Willie Brooks, and was sentenced to the penitentiary for life.

A statement of the facts of this case would not be profitable. Suffice it to say that the evidence offered on behalf of the state, if believed, made out a case of murder. The evidence offered for the defendant, if believed, established self-defense. The defendant offered a dozen witnesses who contradicted Lizzie Dodson, a witness for the state, in that she had made frequent statements that Willie Brooks, the dead man, was to blame and had fired the first shot at the appellant, Yarbrough. There were other contradictions of witnesses in the record, all of which made it a case of conflict on the facts and a question properly and only for the jury. So there is no merit in the contention that this court should reverse the case because the evidence overwhelmingly preponderates in favor of the appellant.

It is urged that this case should be reversed because the court admitted the dying declaration of Willie Brooks, the decedent.

The court heard the evidence out of the presence of the jury. The deputy sheriff and his brother visited the deceased as he lay upon a cot in an outhouse, and the deceased said to them: "I am going to die . . . I can't get well . . . I heard the doctor when he told Mr. Culp that I couldn't get well, my hands are getting cold now . . . the medicine, the shot he give me is dying away, and I am beginning to hurt."

These witnesses, the deputy sheriff and his brother, said that prior to this statement Brooks had been singing, and at the time of the statement he appeared to be suffering intensely, and said, in effect, that he had been shot in the stomach at a time when he was unarmed, and that the appellant shot him first, and afterwards he went back in his room, got his gun, and discharged it in the back yard, and that he was suffering so he did not know why he fired his gun. The evidence shows

that Brooks was carried to a physician, who gave him a "shot," and he was then brought back to the outhouse. His declaration was made about 10:30 at night, and the declarant died the following morning about that time, having been unconscious for some time before his death.

It is insisted that this declaration is incompetent because it is not shown that it was made under a sense of impending death.

The defendant offered witnesses who testified that the declarant stated to them that the defendant was not to blame, and that he (Brooks) fired the first shot.

Without again stating the rules which have been frequently stated in the opinions of this court, we conclude that the trial judge did not err in admitting this declaration as having been made under a sense of impending death. There appears no uncertainty in the mind of the declarant, whether the physician had made the statement that the deceased could not get well or not, that he (Brooks) believed he could not recover at the time he made the statement, and, under all the decisions in Mississippi, his declaration was competent. See Smith v. State, 161 Miss. 430, 137 So. 96, and the authorities there cited.

It is insisted that this case should be reversed because of the argument of the county attorney reading as follows: "Gentlemen of the jury, you have heard these instructions read; and you will hear a veritable book of instructions read by the defense counsel. There is but one law in a murder case; but you will find this law couched in a dozen, two dozen different ways, and different senses and different pages by the defense counsel. For what purpose? Just in order to befuddle your minds."

Objection was made to this argument. The court did not, in words, rule on the objection, but said, "It is argument, you can reply to it," to which exceptions were made. This was equivalent to an overruling of the appellant's objection.

We are not of opinion that the argument in this case permitted by the court constitutes reversible error; but it is our opinion, from an ethical standpoint, that such argument should not be permitted. It is the duty of the trial judge, under the law of this state, to grant proper written instructions for the guidance of the jury as the law of the case, and the principles upon which the jury is to apply the facts are therein stated, and, so far as that trial is concerned, they are the announcement of law by the court to the jury. Counsel ought never suggest to the jury that the instructions given by the court should be disregarded, or else the jury, by heeding the instructions, run the risk of being befuddled.

In the recent case of Winchester v. State, 163 Miss. 462, 142 So. 454, 456, we disapproved the following language: "Gentlemen of the jury, take this rigmarole of instructions when you go out"—but we did not, in that case, say that the language used constituted reversible error.

We have quoted the language in the case at bar in order to disapprove it, and to warn those officers of the law whose duty it is to present cases to the jury on behalf of the state that it is far better to stay within the beaten paths of legitimate argument; and courts which grant instructions ought not to be inferentially charged with befuddling the jury in granting instructions.

We find no reversible error herein.

Affirmed.