TULLOS *v.* STATE.

No. 39076        November 1, 1954        75 So. 2d 257

*Raymond Swartzfager, Paul G. Swartzfager,* Laurel, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

ARRINGTON, J.

The appellant, Joseph Ray Tullos, was convicted in the Circuit Court of the Second Judicial District of Jones County of the murder of James Franklin Powell. The jury disagreed as to his punishment, and he was sentenced to the penitentiary for a term of ninety-nine years. From this judgment he prosecutes an appeal.

The evidence in this case is without substantial dispute, and shows that the appellant was operating a dance hall and cafe known as the Big Chief Inn, located on Highway 84, eight miles west of the City of Laurel. Powell, the deceased, arrived at the appellant's place of business early in the evening of November 8, 1952, and was "drinking pretty heavy" on this occasion. As the evening progressed, the deceased became more and more belligerent and became involved in several arguments and disturbances with other patrons in the appellant's establishment. The appellant told the deceased he would have to quiet down or leave, but he did neither and was soon engaged in an argument with his companion of the evening, and during which argument he attempted to strike her with his hand, but another patron in the

place of business, one Joe Ellzey, came to her aid. The deceased then started an attack upon Ellzey, during which altercation, the appellant attempted to quiet the disturbance by striking at the deceased with a black-jack, but failed to do so, inasmuch as the black-jack either slipped or fell from his hand. The appellant then obtained a ball-peen hammer from behind the counter and struck the deceased one time in the back of the head, which blow resulted in his death.

The evidence shows without dispute that at no time during the disturbances created by the deceased was he armed in any manner, nor did he succeed in striking anyone, and that neither the appellant nor any other person was in any real or apparent danger of losing their lives or suffering great bodily harm at the hands of the deceased. Since this case must be reversed and remanded for another trial, we refrain from making a more detailed statement of the facts.

There are a number of errors assigned which we find without merit, however, this cause must be reversed for the granting of the following instruction to the State: "The court instructs the jury for the state that the deliberate use of a deadly weapon in any difficulty, not in necessary self-defense, is a fact from which malice may be inferred."

In this case, eight eye-witnesses, including the appellant, testified to the facts. This court has consistently held that where all the facts and circumstances surrounding a killing are fully disclosed by the evidence, it is error to instruct the jury that the deliberate use of a deadly weapon is evidence of malice or that the law presumes malice from such use.

In the case of Walker v. State, 146 Miss. 510, 112 So. 673, the Court said: "This is a case where all the facts and circumstances attending the shooting were developed by the evidence. There was, therefore, no room for an instruction informing the jury that malice might

be inferred from a deliberate use of a deadly weapon. In Lamar v. State, 63 Miss. 265, in discussing a similar instruction, the court said:

" 'It is true that the law presumes malice from the deliberate use of a deadly weapon; it is not true that this presumption should control in determining the verdict in cases in which all presumptions are swallowed up by a full disclosure of all the facts surrounding and attending the killing. Instructions of this character are not erroneous, for the presumption does exist as stated, but it exists as a part of the whole case and not as a dominating factor controlling all the facts disclosed, as it is the tendency of such instructions to suggest.'

"It will be noted that the court said in that case that the law presumes malice from the deliberate use of a deadly weapon, but that it was not true that this presumption should control the jury in a case 'in which all presumptions are swallowed up by a full disclosure of all the facts surrounding and attending the killing.' In the present case, there was a full disclosure of all facts and circumstances surrounding the shooting. The jury should have been left to determine from those facts and circumstances, alone, the question of malice. The state was not entitled to have its case strengthened by an instruction that the law presumed malice by the deliberate use of a deadly weapon. . . ." See also Cumberland v. State, 110 Miss. 521, 70 So. 695; Smith v. State, 161 Miss. 430, 137 So. 96; Winchester v. State, 163 Miss. 462, 142 So. 454; Batiste v. State, 165 Miss. 161, 147 So. 318.

The facts and circumstances surrounding the killing were fully disclosed in this case, therefore, for the error in granting the instruction complained of, the judgment of the court below must be reversed.

Reversed and remanded.

*McGehee, C. J.,* and *Kyle, Ethridge* and *Gillespie, JJ.,* concur.