RODGERS, Justice
(dissenting):
I am constrained to disagree with my astute colleagues in their decision in the above and foregoing cause of action against George Hendrieth, alias George Taylor, because I am firmly of the opinion that the following instruction is erroneous:
“The court instructs the jury for the state that malice aforethought mentioned in the indictment in this case may be presumed from the unlawful and deliberate use of a deadly weapon.”
As I see it, this instruction is not only erroneous, but is harmful and reversible.
This instruction has had a long and turbulent history shown by the judicial opinions of this state, and although there are rare occasions when this instruction should be granted, it is always an error when, taking the testimony introduced, the jury can find the defendant guilty of manslaughter but for this instruction.
In the early days of criminal justice in Mississippi, this Court said in the case of McDaniel v. State, 8 Smedes & M. 401 (1847):
“ * * * When the fact of killing, with all its attendant circumstances, is clearly proved, and the testimony either shows express malice, or that there was no malice at all, there is no room for presumption. But in cases where the killing is proved, and no accompanying circumstances appear in the evidence, the law presumes the killing was done maliciously. So, where the, killing is proved, and the circumstances attending it are shown, though no express malice may appear from the proof, it may be presumed from some attending fact; as if a deadly weapon were used, the law presumes malice. So, if there be circumstances of barbarity and cruelty, the law presumes malice. These presumptions of law, if unopposed, may amount to full proof of the fact. They stand until the contrary is proved, or until such facts are proved, as are sufficient to raise a contrary and stronger presumption. * * * From the presumptions of law, and the whole evidence in the cause, as well as for the state as for the accused, the jury must make up their verdict. * * *” (8 Smedes & M. at 417-418)
The instruction offered in that case is in the following words:
“1. Every homicide is presumed to be committed with malice aforethought; and it devolves upon the prisoner to prove the circumstances which excuse the act.” (8 Smedes & M. at 408)
The court said “this charge is too broad and unrestricted.”
*222 In the famous case of Head v. State, 44 Miss. 731 (1870), the instruction was as follows:
“ * * * Malice is an essential ingredient in the crime of murder, hut malice may be either express or implied, and when there is no direct, positive and express proof of malice, it may yet, in many cases, be inferred from other circumstances in the case, and the jury may always infer malice from the deliberate use of a deadly weapon.” (44 Miss. at 740)
The Court said:
“The use of a deadly weapon is prima facie evidence of malice, because a man must be taken to intend the necessary and usual consequences of his act. To shoot or stab, or strike with a bludgeon, indicates a purpose to take life; but if the one or the other be employed to disable an adversary, in the very act of making a murderous and malicious assault then the presumption is overcome. The proof of the use, in the case hypothecat-ed, of the deadly weapon, with attending circumstances, would show the excuse. Where the circumstances of the killing are known, and in evidence to the jury, the deductions and inferences should be made from all the facts. Where the death ensues from a gun-shot wound, or a stab, or other violent means, but no witness saw the act done, and the circumstances are unknown and unproved by the state, here the mode of killing raises a strong presumption of malice. If the act is traced to the accused as the guilty agent, that presumption continues until he overcomes it by evidence showing excuse or justification. If he offers no explanation of the killing; if he fails to show that it was an act of necessity, done se defendendo, the inference of malice, from the use of the deadly weapon, remains. What we mean to affirm is, that where the mode, manner and circumstances of the killing are in evidence to the jury (although life was taken by a deadly weapon), the character of the act, whether criminal or not, and then its grade, whether murder or manslaughter, or whether excusable or not, is to be gathered from the entire body of the testimony. * * *” (44 Miss. at 753-754)
In the case of Green v. State, 28 Miss. 687 (1855), a man had threatened another for taking his mule and later was seen having a fight with this man who was found dead. In that case the court permitted the instruction:
“ * * * That every killing is presumed to be malicious, and amounting to murder, until the contrary appears from the circumstances of alleviation, excuse, or justification; and that it is incumbent upon the defendant to make out such circumstances to the satisfaction of the jury unless they arise out of the evidence produced against him.” (28 Miss. at 698)
The Court said:
“The rule here stated is fully justified by the decision of this court in the case of McDaniel v. The State, 8 S. & M. 417, and this instruction is more favorable in its terms to the accused, than the instruction there referred to, with the addition held by the court to be necessary in declaring the true rule. There the late learned Chief Justice says, ‘in cases where the killing is proved and no accompanying circumstances appear in the evidence, the law presumes the killing was done maliciously.’ After adverting to other circumstances affording presumptive evidence of malice, he adds, ‘These presumptions of law, if unopposed, may amount to full proof of the fact. They stand until the contrary is proved, or until such facts are proved as are sufficient to raise a contrary and stronger presumption.’ ” (28 Miss. at 698)
*223 The Court then said:
“The general principle contained in this instruction is sanctioned by the authorities above cited. * * * ” (28 Miss. at 698)
In the case of Riley v. State, 109 Miss. 286, 68 So. 250 (1915), the testimony shows that although no eyewitnesses testified about the homicide, it appeared that the deceased went to the home of the defendant armed with a loaded gun and when he got there both parties fired on the other. The shots were fired so close together that witnesses who heard them said they were distinguishable, but were so nearly simultaneous that they sounded like one big gun. The deceased was shot in the head, and the wound was of such a character as to immediately paralyze him. In that case the court granted the following instruction :
“ ‘The court instructs the jury for the state that the law presumes malice from the deliberate and unlawful use of a deadly weapon whereby life is taken, and the presumption of law will prevail, unless overthrown by the facts and circumstances in evidence.’” (109 Miss. at 290, 68 So. at 251)
The Court said:
“ * * * This is a case where the evidence, taken as a whole, would warrant a fair and unbiased juror in believing that deceased was the aggressor; and, this being true, the instruction should not have been given. The instruction assumes that the fatal shot was deliberately and unlawfully fired, and upon this assumed fact is built a legal presumption of guilt which defendant must overcome.
“The defendant in a criminal case is never required to overcome the state’s theory; he is entitled to an acquittal if the evidence, or want of evidence, raises a reasonable doubt of his guilt.” (109 Miss. at 290, 68 So. at 251)
The Court discharged the defendant from further prosecution.
In the very peculiar case of Hansford v. State, Miss., 11 So. 106 (1891), the defendant was convicted of murder and sentenced to hang. In the record, though not certified, was the following instruction:
“ * * * ‘In every killing of a human being with a deadly weapon, the presumption of law is that the killing was done with malice, and therefore murder; and, if the killing with a deadly weapon is proven beyond a reasonable doubt, then the defendant must show that he (defendant) was in immediate, real, or apparent danger of his life or some great bodily harm from deceased, to overcome the prima facie evidence of murder.’ * * * ”
The Court said that this instruction has been repeatedly given in the trial of indictments for homicide, but no conviction secured by it has ever been permitted to stand when the error has been certified in the record of the appeal.
In the case of Raines v. State, 81 Miss. 489, 33 So. 19 (1902), where the defendant was charged and convicted of having murdered his wife, but where there were no eyewitnesses to the killing and the evidence was entirely circumstantial, and the proof on the part of the state was substantially made by the sheriff who testified that the defendant told him it was an awful thing and he would not have had it happen for the world and that it was an accident, the Court said that where the record disclosed that there was no eyewitness to the killing charged upon the defendant, the evidence of it was entirely circumstantial, and the proof on the part of the state was substantially made by the sheriff of the county, the Court said:
“The third instruction for the state, which was based upon the principle of law that one is presumed to intend what he does, and the fourth instruction, that declares malice may be inferred from the *224 use of a deadly weapon, are inapplicable to the facts of this case. The circumstances relating to the killing were, so far as known, fully laid before the j'ury, and should have been left to their determination without the aid of either of the presumptions here invoked. It is not the mere killing, but the deliberate killing by the use of a deadly weapon, that imports malice. Here the only debatable point before the jury was whether the gun was deliberately or accidentally fired by the defendant. And the fourth instruction was erroneous in making the use of the gun decisive against the defendant, merely because it was a deadly weapon. Whether the gun was accidentally or deliberately fired was a question which should have been left to the free determination of the jury, uncontrolled by the presumption imposed upon them.” (81 Miss. at 498-499, 33 So. at 21)
In the case of Godwin v. State, 73 Miss. 873, 19 So. 712 (1896), the testimony shows that two persons had an altercation in a barber shop and out on the street and where the defendant fired at the deceased three times, and all the facts were before the jury, yet the court instructed the jury as follows:
“ * * * The court instructs the jury for the state in this case that the use of a deadly weapon is a presumption of malice, and if the jury believe from the evidence that the defendant made an assault upon the person of witness Carter with a pistol, which they believe to be a deadly weapon, and shot Carter, the law presumes an intent to kill him; and, unless Carter was making some demonstration that was immediately so apparently dangerous to the life or limb of the defendant, then the defendant is guilty as charged, and it is your duty to so find. * * *” (73 Miss. at 878, 19 So. at 713)
Judge Whitfield said:
“ * * * The fourth charge for the state is manifestly erroneous also, in telling the jury that ‘the use of a deadly weapon is a presumption of malice’ (thus it is written). This is clearly wrong in a case like this, where the circumstances attending the killing are fully shown, and hence there can be no reason for presumptions, as held in Hawthorne’s case (Hawthorne v. State) 58 Miss. 778. * * *” (73 Miss. at 882, 19 So. at 714)
In the case of Patty v. State, 126 Miss. 94 88 So. 498 (1921), where the testimony shows that defendant killed the deceased on the way from church, but the state did not introduce the eyewitnesses; they were later introduced by the defendant. The Court said:
“ * * * It was said in Hawthorne v. State, 58 Miss. 778, where one is accused of murder, the law presumes him to be innocent until the contrary is made to appear; but, if it be shown that he killed the deceased with a deadly weapon, the general presumption of innocence yields to the specific proof, and the law infers that the killing, if unexplained, was malicious, and therefore murder; but, if the attendant circumstances be shown in evidence by the state or the accused, the character of the killing is to be determined by considering them; and if, upon a consideration of all of the evidence, the jury trying the case are not satisfied, to the exclusion of every reasonable doubt, they should not convict. * * * ” (126 Miss. at 97-98, 88 So. at 499)
And, the defendant was discharged.
In the case of Holmes v. State, 151 Miss. 702, 118 So. 431 (1928), a person was being tried for murder and the defense is that the killing was accidental, but the evidence was conflicting as to how the shooting occurred. The court granted the instruction :
“ ‘The court instructs the jury for the state that if you believe from all the evidence in this case beyond a reasonable *225 doubt that the defendant deliberately shot and killed the deceased with a deadly weapon, to wit, a pistol, malice may be inferred.’” (151 Miss. at 707, 118 So. at 432)
This Court said:
“We do not think it was reversible error to give the instruction for the state, above set out, * * * It is not a question where the defense is self-defense and the shooting may have been done deliberately to prevent the person shot from inflicting great bodily harm, or death, upon the person doing the shooting. It is true that where there is no element of veracity to be decided, and determine where the real facts appear, that presumption disappears; but as applied to the facts in this case, if the shooting was deliberate, then it was unlawful, and a presumption of malice would attend the shooting, and the shooting would be a malicious shooting. There was no reversible error in giving this instruction.” (151 Miss. at 707-708, 118 So. at 432)
It will be noted here that this is one of the rare instances when this instruction is permitted.
In the case of Jones v. State, 178 Miss. 636, 174 So. 546 (1937), where a shooting occurred between two individuals, both were injured and one died and where it was a sudden affray, the court said that the fact that the accused killed deceased with a deadly weapon and that there were two shots fired by accused would supply presumption of malice, warranting jury in believing that accused shot decedent maliciously and without legal justification. The court here affirmed a judgment of guilty and permitted a sentence of death to stand. Judge Griffith, dissenting, said:
“ * * * I do not think the actual facts, so far as this attenuated record discloses them, can be justly made to sustain a conviction of a higher offense than manslaughter; * * *” (178 Miss. at 464, 174 So. at 549)
It will be noted that the facts in this case are similar to the facts in the case now before the Court.
In the case of Bennett v. State, 152 Miss. 728, 120 So. 837 (1929), this Court pointed out the true rule with reference to questions of malice in murder cases. This rule is:
“The killing with a deadly weapon is assumed to be malicious, and therefore murder, and before the presumption disappears the facts of the killing must appear in the evidence and must change the character of the killing, either showing justification or necessity, before it is reduced from murder. If the facts relied upon to change such presumption are unreasonable and improbable, or if they are contradicted by physical facts and circumstances in evidence, then the jury may find a verdict either of murder or manslaughter, according to the circumstances and facts in evidence * * ” (152 Miss. at 731, 120 So. at 838)
It will be noted that although this is the true rule, it is not to be given to the jury in the form of an instruction as to presumption except in rare cases.
In the case of Crockerham v. State, 202 Miss. 25, 30 So.2d 417 (1947), this Court cited the Bennett case and said:
“ * * * If the facts relied upon to change such presumption are unreasonable and improbable, or if they are contradicted by physical facts and circumstances in evidence, then the jury may find a verdict either of murder or manslaughter, according to the circumstances and facts in evidence. * * *” (202 Miss. at 32, 30 So.2d at 419-420)
The above rule was again cited and the Bennett case was alluded to as the true rule in Mississippi.
In the case of Smith v. State, 205 Miss. 283, 38 So.2d 725 (1949), this Court again *226 pointed out the true rule with reference to malice and said:
“It is true that malice is an essential element of murder, but it was held in the case of Criss v. State, * * * that actual malice is not a necessary ingredient of murder. As a matter of law the element of malice is implied from the deliberate use of a deadly weapon. Cases are cited by appellant to the effect that where all of the facts are in evidence an instruction for the State that malice will be implied from the deliberate use of a deadly weapon is not proper. However, the State did not obtain such an instruction in the instant case. * * *” (205 Miss. at 294, 38 So.2d at 726)
The Court then affirmed the judgment of the trial court.
In the case of Hughes v. State, 207 Miss. 594, 42 So.2d 805 (1949), cited in the opinion in the instant case, the state did obtain an instruction that malice aforethought “may be presumed from the unlawful and deliberate use of a deadly weapon.” This Court, of course, said:
“* * * ‘The presumption of malice which arises from the killing of a human being with a deadly weapon will prevail and characterize the act as murder, unless the facts in evidence change the character of the killing by showing either justification or necessity.’ * * *” (207 Miss. at 604, 42 So.2d at 807)
In the Hughes case, however, the Court said:
"* * * However, the facts are not all in evidence here, and the appellant did not produce any evidence whatever tending to show either justification or necessity for the assault; consequently the granting of the instruction in this case is not error. Furthermore the appellant obtained three instructions which charged the jury that the burden was upon the state to prove malice aforethought beyond every reasonable doubt and to the exclusion of every reasonable hypothesis * * (207 Miss. at 604-605, 42 So.2d at 808)
In the case of Dickins v. State, 208 Miss. 69, 43 So.2d 366, 887 (1949), this instruction was granted:
“* * * 'The court instructs the jury for the State that malice may be implied by law from the nature and character of the weapon used, and that the deliberate use of a deadly weapon in a difficulty, not in necessary self-defense, real or apparent, is, in law, evidence of malice.’ ” (208 Miss. at 92, 43 So.2d at 373)
The Court said in answer to the objection made to this instruction that:
“It is true, as contended by the appellant, that this Court has repeatedly held that where all the facts and circumstances surrounding a homicide are fully disclosed by the evidence, it is reversible error for the court to instruct that the law presumes malice from the use of a deadly weapon. Batiste v. State, 165 Miss. 161, 147 So. 318; Walker v. State, 146 Miss. 510, 112 So. 673; Cumberland v. State, 110 Miss. 521, 70 So. 695; Smith v. State, 161 Miss. 430, 137 So. 96; Winchester v. State, 163 Miss. 462, 142 So. 454. There can be no possible question about the soundness of these decisions, but they have no application to the case at bar.” (208 Miss. at 92, 43 So.2d at 373)
The Court then points out:
“* * * [Wjhere the facts and circumstances surrounding the deliberate use of the deadly weapon have not been put in evidence, and have not been established for consideration by the jury, then the presumption does not yield to the evidence, and the presumption of law which is that the killing of a human being with a deadly weapon was a malicious killing, and that the act was murder, unless the facts in evidence explain the character of the killing, then this presumption still stands, and the State is entitled to an instruction announcing this *227 legal principle. * * *” (208 Miss. at 93, 43 So.2d at 373)
Note: This again is the rare occasion when this instruction is admissible or is permitted. This question has been submitted to this Court several times in the last few years.
In the Case of Johnson v. State, 223 Miss. 167, 77 So.2d 824 (1955), this instruction was granted:
“* * * ‘The court instructs the jury for the State that the deliberate use of a deadly weapon in any difficulty, not in necessary self defense, is in law, evidence of malice.’ * * *” (223 Miss. at 171, 77 So.2d at 826)
The Court said in the Johnson case that where defendant’s sanity was a definite issue, instruction that deliberate use of a deadly weapon not in necessary self-defense is evidence of malice, was error and prejudicial. The Court then said:
“* * * We think the circumstances attending the shooting of Rushton by appellant is fully disclosed by the evidence. Instructions similar to the one here under consideration have been considered by this Court in many cases, beginning with McDaniel v. State, 8 Smedes & M. 401, 16 Miss. 401, decided over a hundred years ago. In that case, it was said: ‘When the fact of the killing, with all its attendant circumstances, is clearly proved, and the testimony either shows express malice, or that there was no malice at all, there is no room for presumption. But in cases where the killing is proved, and no accompanying circumstances appear in the evidence, the law presumes the killing was done maliciously * * * as if a deadly weapon were used, the law presumes malice.’ This Court has repeatedly held that where the facts attending the use of a deadly weapon are in evidence, the presumption of malice arising from its use is swallowed up by, and yields to, the evidence. Tullos v. State, 222 Miss. 90, 75 So.2d 257, * * *” (223 Miss. at 171, 77 So.2d at 826)
The Court also said:
“The instruction is also objectionable in that it is peremptory in character. The effect of this instruction is to tell the jury that there is ‘evidence of malice,’ and, therefore, malice, an essential ingredient of the crime of murder, has been proven. * * *” (223 Miss. at 172, 77 So.2d at 826)
In the case of Shields v. State, 244 Miss. 543, 144 So.2d 786 (1962), the Court said:
“The first instruction, stating that malice aforethought may be presumed from the unlawful and deliberate use of a deadly weapon, is the law, and has been approved and may be used in cases where the State is required to establish malice aforethought and where the testimony fails to explain the circumstances surrounding the deliberate use of such weapon. * * *” (244 Miss. at 548, 144 So.2d at 788)
We then said:
“It is erroneous, however, to give this instruction, where it may be misleading under the facts, (as in the case of Gee v. State, 80 Miss. 285, 31 So. 792) or in a case where malice is an essential element of the crime charged, and where all of the facts are known and detailed in evidence. Where presumptions have been swallowed up by a full disclosure of all of the facts and circumstances surrounding the killing, malice should be left for the consideration of the jury as a part of the whole case, and such an instruction should not be granted to the State as an aid to bolster the testimony introduced. * * *" (244 Miss. at 549, 144 So.2d at 788)
In the case of Chinn v. State, 210 So.2d 666 (Miss.1968), this Court said:
“This Court has long held that an instruction on an asserted ‘presumption’ of malice from the use of a deadly weapon *228 is proper only where the testimony has failed to establish the circumstances of the use of the weapon. Where all of the facts and circumstances have been detailed in the evidence, the question of malice should be left for the consideration of the jury, and the granting of such an instruction is error. Nevertheless, the state requested and was granted the following instruction:
“The Court instructs the Jury for the State that malice aforethought mentioned in the indictment may be presumed from the unlawful and deliberate use of a deadly weapon.” (210 So.2d at 669)
In the case of Hydrick v. State, 246 Miss. 448, 150 So.2d 423 (1963), with reference to the charge of assault and battery with intent to kill, this Court said:
“In the instant case, the intent of the accused is an essential ingredient of the charge of an assault and battery with the unlawful and felonious intent, with malice aforethought, to kill and murder. Moreover, the burden of proof is upon the State to show intent to kill and murder beyond a reasonable doubt. * * *” (246 Miss. at 452, 150 So.2d at 424)
We then said:
“The majority of the judicial opinions have generally followed the rule that where a specific intent is the gist of the offense charged, the court should not instruct the jury on the presumptions of evidence which apply to the question of intent. * * *” (246 Miss. at 452, 150 So.2d at 425)
We then said:
“This Court has from time to time reminded the Bench and Bar that when all of the facts are in evidence, an instruction for the State that malice will be implied from the deliberate use of a deadly weapon is not proper. * * *” (246 Miss. at 454, 150 So.2d at 426)
Funches v. State, 246 Miss. 214, 148 So.2d 710 (1963), is a case where there is a conflict as to whether or not the defendant pointed his pistol at the deceased or whether or not there was an accidental firing of the pistol at a time when the deceased was walking across the room. The state was allowed the instruction:
“* * * 'The court instructs the jury for the state that malice aforethought mentioned in the indictment may be presumed from the unlawful and deliberate use of a deadly weapon.’ ” (246 Miss. at 216, 148 So.2d at 711)
This Court said:
“In view of the limited issue, we think the granting of this instruction was reversible error. Shields v. State, 244 Miss. 543, 144 So.2d 786 (Miss.1962), recently reviewed the cases discussing this type of instruction. It was there observed that, where the facts and circumstances surrounding the killing have been disclosed, malice should be left for consideration of the jury, and such direction should not be granted to the state as an aid to bolster its evidence. * * *
“The quoted language may well have been understood by the jury as intimating that defendant intentionally used the deadly weapon, which fact was the pivotal issue. With such understanding, the jury would necessarily conclude that malice aforethought could be presumed. * * * Instructions of this type may be so misleading to the jury, as here, and may constitute such a useless reference to a ‘presumption’ or inference, that they should be used, if at all, with considerable caution. * * *” (246 Miss. at 216-217, 148 So.2d at 711)
The testimony in this case, shown by the alleged confession of the defendant, indicates that he used the hammer in question in self defense. Whether this is true or not is the question for the jury, and not for the Court.
*229 Although the second instruction with reference to reasonable probability of innocence is an instruction on a reasonable doubt, and is, in fact, an attempt to define reasonable doubt, nevertheless, this type of instruction has been allowed by this Court in many cases. See: McNair v. State, 215 Miss. 510, 61 So.2d 338 (1952); Jones v. State, 141 Miss. 894, 107 So. 8 (1926); Nelms v. State, 58 Miss. 362 (1880). I would have granted this instruction.
Now turn to outside authorities with reference to presumption in instructions. Professor Wigmore on Evidence, § 2491, page 288 (1940), has this to say with reference to presumption:
“There is in truth but one kind of presumption; and the term ‘presumption of fact’ should be discarded as useless and confusing.
“Nevertheless, it must be kept in mind that the peculiar effect of a presumption ‘of law’ (that is, the real presumption) is merely to invoke a rule of law compelling the jury to reach the conclusion in the absence of evidence to the contrary from the opponent. If the opponent does offer evidence to the contrary (sufficient to satisfy the judge’s requirement of some evidence), the presumption disappears as a rule of law, and the case is in the jury’s hands free from any rule.” (Wigmore on Evidence at 289).
In 40 C.J.S. Homicide § 25, p. 874 (1944), it is said:
“In the absence of circumstances disproving malice, malice may be presumed from the intentional use of a deadly weapon in a deadly and dangerous manner. The use of a deadly weapon is not conclusive as to malice, and the inference of malice therefrom may be overcome, and it has been held that where the facts and circumstances of the killing are in evidence, the existence of malice must be determined as a fact from all the evidence. * * * ” (Citing Smith v. State, 161 Miss. 430, 137 So. 96)
In 41 C.J.S. Homicide § 357b, p. 130 (1944), it is said:
“Where the evidence warrants it, the court may give appropriate instructions as to the inference or presumption of malice arising from the circumstances, such as the use of a deadly weapon in perpetrating the homicide.
* * * * * *
“* * * Thus an instruction that the law implies malice may be given where it is shown that a homicide has been committed with a deadly weapon, and no circumstances of mitigation appear, * * ”
In the supplement of 41 C.J.S., the following cases are cited: Dickins v. State, 208 Miss. 69, 43 So.2d 366 (1949), sug. err. over., 208 Miss. 69, 43 So.2d 887 (1950); Rivers v. State, 245 Miss. 329, 97 So.2d 236 (1957); Shields v. State, 244 Miss. 543, 144 So.2d 786 (1962). But, it is said, this presumption yields to evidence. Chinn v. State, 210 So.2d 666 (Miss.1968).
In 26 Am.Jur. Homicide § 536, page 528 (1940), it is said:
“* * * Where every circumstance attending the killing has been proved, the jury should not be instructed to presume malice from the fact of intentional killing with a deadly weapon. It is for the jury to decide from all the facts whether the killing was malicious, giving to the accused the presumption of innocence * * */>
Finally, it will be recalled again that in the case of Smith v. State, 161 Miss. 430, 137 So. 96 (1931), this Court said, where the following instruction was granted:
“* * * ‘The court instructs the jury for the State that malice is implied by law from the nature and character of the weapon used and that the use of the deadly weapon in a difficulty and not necessarily in self-defense, is in law evidence of malice.’” (161 Miss. at 439, 137 So. at 98)
*230 This Court said:
“This instruction embodies a correct principle of law, but is not applicable to this case, for the reason that all the facts and circumstances of the homicide were in evidence. In such a case the presumption of malice, arising from the use of a deadly weapon, disappears. Cumberland v. State, 110 Miss. 521, 70 So. 695; Walker v. State, 146 Miss. 510, 112 So. 673.” (161 Miss. at 439, 137 So. at 98)
Section 2226, Mississippi Code 1942 Annotated (1956), is in the following words:
“The killing of another in the heat of passion, without malice, by the use of a dangerous weapon, without authority of law, and not in necessary self-defense, shall be manslaughter.”
In the instant case, the record shows that the defendant gave a statement to the officers, called a confession by the district attorney, but which is in fact a statement of what occurred, showing self defense. The defendant was not put on the witness stand because he had been convicted of other offenses and the court ruled that he would permit the district attorney to show these offenses. At the conclusion of the testimony the defendant made a motion in which he set out:
“* * * That the statement of the defendant introduced by the State is unreasonable and should be accepted as true and that it is not substantially contradicted in material particulars by any credible witness or witnesses by the State or by the physical facts or by facts of common knowledge that would be contrary to his statement, and that his statement evidences a self-defense on his part and none of the facts in this case refute the statement as given by the defendant.”
The court overruled this motion. I am of the opinion, however, that inasmuch as the instruction permitted the jury to raise the clear case of manslaughter to that of murder by a presumption, that this instruction was harmful and should not have been granted.
SMITH, J., concurs in this dissent.